IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RENE HINOJOSA & <br> DEANNA HINOJOSA <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF TREASURY <br> INTERNAL REVENUE SERVICE <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:06-cv-00215 (JDB) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION FOR
ENLARGEMENT OF TIME TO ANSWER, MOVE
OR OTHERWISE PLEAD**

This is a civil action in which plaintiffs seek information under the Freedom of Information Act.

STATEMENT & DISCUSSION

1. <u>Introduction.</u>  Plaintiffs filed this complaint on February 6, 2006.

2. <u>The time for the United States to serve an answer, motion, or other responsive pleading</u>.  Under the FOIA, defendants have 30 days after service of the summons and complaint in which to serve an answer, motion, or other responsive pleading.  According to plaintiffs' return of service, the Attorney General and the United States Attorney for the District of Columbia were served on February 24, 2006.  Accordingly, the United States' response is due on or before March 20, 2006.

3. <u>Compliance with the pleading deadline</u>.  The Internal Revenue Service, the agency of the United States responsible for administration of the internal revenue, and more specifically the agency responsible for the actions described in the complaint, has advised the Department of Justice that it is unable to assemble, analyze, and provide litigation advice with respect to the complaint in this case within the period of time prescribed by Fed. R. Civ. P. 12(a).

This inability is primarily due to difficulty in locating and reviewing the administrative files in this matter.

4. <u>Relief requested</u>. The Internal Revenue Service is of the belief, and has advised the Department of Justice, that the process of assembling and analyzing case files and records, and providing litigation advice to the Department of Justice, can and likely will be completed within an additional sixty (60) day period.1/

5. <u>The Court has discretion to grant this motion.</u> Under Fed. R. Civ. P. 6(b)(1), the Court for cause shown, may enlarge the time for answering, moving, or otherwise pleading to the complaint. <u>See</u> <u>Poe v. Christina Copper Mines, Inc.</u>, 15 F.R.D. 85, 87-88 (D. Del. 1953)  As the revisers of Professor Moore's treatise on procedure have commented:

> When a party requests an extension before the time period has elapsed, pursuant to Rule 6(b)(1), the district court usually will be liberal in granting the request.  Rule 6(b) allows the court to enlarge time periods in its discretion "for cause shown."  What cause must be shown is not specifically set out in Rule 6(b), but some justification for the enlargement seems to be required.  The court generally will find that cause has been shown and grant the extension unless the moving party has been negligent, shown bad faith, or abused the privilege of extensions.

1 Daniel R. Coquillette, et al., <u>Moore's Federal Practice</u>, § 6.06[2], p. 6-40.1 (1999) (footnotes omitted); <u>Baden v. Craig-Hallum, Inc.</u>, 115 F.R.D. 582, 585 (D. Minn. 1987). Defendants have not been guilty of negligence or bad faith, nor have they abused the privilege of extensions.

6. <u>Summary.</u> The Court should exercise its discretion to grant the requested enlargement of time in the interests of justice and for cause shown.  United States' counsel was unable obtain the <u>pro se</u> parties' consent to this motion.  Counsel

---

_____1/   Moreover, the returns of service filed with the Court indicate that plaintiff Rene Hinojosa attempted to serve the summons and complaint on the United States Attorney for the District of Columbia and the Attorney General.  Hinojosa is a party, and therefore, ineligible to serve initial process.  Fed.R.Civ.P. 4(c)(2).  An enlargement of time will provide an interval for plaintiffs to make proper service.

attempted to telephone them, but, at the parties' request, their telephone number is unpublished. The time constraints made any other attempt to gain consent impractical.

## CONCLUSION

It is the position of defendants, that the motion for enlargement time to answer, move, or otherwise plead ought to be granted.

DATE: March 17, 2006.

                                                      /s/ Pat Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6390