Rene H. Hinojosa
Deanna G. Hinojosa
P.O. Box 756
Rio Hondo, Texas  78583

Plaintiffs *in Propria Persona*
Judiciary Act of 1789 § 35

# district court of the United States[1]
# District of Columbia

| | |
|---|---|
| Rene Hinojosa, and Deanna Hinojosa, | Case Nº:  1:06-cv-00215  JDB |
| Plaintiffs, | RESPONSE TO MOTION FOR ENLARGEMENT<br>OBJECTION TO ENLARGEMENT |
| v. | MOTION FOR SUMMARY JUDGMENT |
| UNITED STATES [GOVERNMENT] | |
| Respondent. | |

COME NOW Rene Hinojosa, and Deanna Hinojosa, in his/her own right, <u>Faretta v. California</u>, 422 US 809, and with Assistance of Counsel, Id., AMENDMENT VI, UNITED STATES CONSTITUTION, JUDICIARY ACT OF 1789, 1 Stat. 73, § 35, and 28 USC § 2072(b), and the INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS, implemented by EXECUTIVE ORDER 13107 on December 10, 1998, <u>63 Federal Register 240, pp 68991-68993</u>, in RESPONSE TO MOTION FOR ENLARGEMENT, entering this OBJECTION TO ENLARGEMENT:

I.   MOTION SHOULD BE DENIED

   A.   In the MOTION FOR ENLARGEMENT, p.1, counsel for the United States of America asserts that defendant's agency, "has been unable to assemble and analyze the relevant records...", assuring the Court that, "...grounds are more fully explained in a memorandum of points and authorities...".

   B.   The, "Statement and Discussion," contained therein misrepresents "difficulty in

---

[1] As designated in The Freedom of Information Act, 5 USC § 552(a)(4)(B).

RECEIVED
APR 2 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

       locating and reviewing the administrative file," as the basis for the alleged "inability" to timely answer.

C.    Theclaimed, "difficulty in locating and reviewing the administrative file," is a legal absurdity. IRS is, like every federal agency, required by the Federal Records Act, - an Act of Congress - and by Government Services Administration regulations, to have a system of records in which files can be easily found, easily "charged out," of the records system, and easily returned to the system for future need.

D.    Such records are required to be made as competent evidence of agency activity, 36 CFR 1220.24, and must be classified, indexed, and filed 36 CFR 1220.50(b)(1) and maintained in official file locations 36 CFR 1220.50(b)(2), and the maintenance of records at unauthorized locations is prohibited. 36 CFR 1220.50(b)(2)

E.    The National Archives Act - another Act of Congress – establishes that unauthorized removal or destruction of federal records is a felony under Title 18 United States Code, § 2071.

F.    It is legally impossible for IRS to be, "…unable to assemble and analyze the relevant records…" under the FRA, and the GSA regulations, unless those records have been removed or destroyed.

G.    The MOTION FOR ENLARGEMENT filed by counsel for the United States of America is without merit, and should be denied.

II.    MOTION ADMITS ALL ELEMENTS OF COMPLAINT

A.    Counsel admits, MEMO, p. 1, that IRS is, "…the agency responsible for the actions described in the complaint…". As the MOTION at issue is not a Rule 12(b) motion to dismiss, counsel's admission is an admission against judicial interest.

III.    NO GENUINE DISPUTE AS TO MATERIAL FACT

A.    Upon the record, defendant admits that it is unable to justify its actions through official records.

B. Summary Judgment is appropriate, as there is no genuine dispute as to any relevant fact.

WHEREFORE, Plaintiffs Rene Hinojosa and Deanna Hinojosa seek relief in the following particulars:

I. Declaratory Judgment in the following particulars:
   A. that We, Rene Hinojosa, and Deanna Hinojosa, are entitled to the due process of law — known as the FREEDOM OF INFORMATION ACT — secured in Amendment V, UNITED STATES CONSTITUTION, as such law was mandated by Congress;
   B. That Respondents have acted arbitrarily or capriciously with respect to withholding the requested records. 5 USC § 552(a)(4).
   C. And further,
   D. That Writ of Mandamus issue, to compel Respondents to
      1. to produce the requested records, 5 USC § 552(a)(4)(B);
      2. to pay reasonable litigation costs. 5 USC § 552(a)(4)(E).

II. An ORDER, enjoining IRS from any further activity in the absence of a certified copy of the summary record of assessment as mandated by section 6203 of the Internal Revenue Code of 1986.

Respectfully entered this 18 day of April, 2006.

_____
Rene Hinojosa

_____
Deanna Hinojosa