IN THE UNITED STATES DISTRICT COURT FOR THE
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RENE H. & DEANNA G. HINOJOSA | ) | No. 06-cv-215 (JDB) |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF TREASURY and | ) | |
| INTERNAL REVENUE SERVICE | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

I. Standard of Review

A. Motion for Summary Judgment

Summary judgment is appropriate if "there is no genuine issue as to any material

fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c); see also e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  If the moving party

meets the initial burden of proof, the nonmoving party is required to go beyond the

pleadings and designate specific facts showing there is a genuine issue for trial.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In reviewing a motion for

summary judgment, the court must view the facts in the light most favorable to the

nonmoving party and allow the nonmoving party all reasonable inferences to be drawn

from the evidence.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

B.  FOIA Requests

In a FOIA action, courts may enjoin an agency where the agency has (1)

improperly (2) withheld (3) agency records. 5 U.S.C. § 552(a)(4)(B); Kissinger v.

Reporter's Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980).  Each of these three criteria must be met before a district court may formulate remedies and force an agency to comply with a FOIA request.  United States DOJ v. Tax Analysts, 492 U.S. 136, 142 (1989).   In reviewing FOIA requests, the court "is to make a de novo determination of whether records were properly withheld under any of FOIA exemption provisions." Davis v. C.I.A., 711 F.2d 858, 861 (8th Cir. 1983), cert. denied, 465 U.S. 1035 (1984).  The burden of proof is on the agency to justify the nondisclosure.  Id. at 860; 5 U.S.C. § 552(a)(4)(B).  The agency must show that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act." Ray v. Turner, 587 F.2d 1187, 1197 (D.C. Cir. 1978).  The court may award summary judgment based on the affidavits submitted by the agency if the affidavits are relatively detailed, nonconclusory, and submitted in good faith.  Davis, 711 F.2d at 860.  Such affidavits need not be sworn or notarized.   28 U.S.C. § 1746; see Summers v. United States Dep't of Justice, 999 F.2d 570, 572-73 (D.C. Cir. 1993).

II.  Plaintiffs Have Not Exhausted Their Administrative Remedies.

Only a valid FOIA request can trigger an agency's FOIA obligations.  Flowers v. Internal Revenue Service, 307 F.Supp.2d 60, 67 (D.D.C. 2004) (citing Dale v. Internal Revenue Service, 238 F.Supp.2d 99, 103 (D.D.C. 2002); Judicial Watch Inc. v. Rosetti, 326 F.3d 1309, 1311-12) (holding that non-conforming FOIA request could not trigger agency's FOIA obligations)).  A plaintiff's failure to "file a request that comports with agency FOIA regulations constitutes failure to exhaust administrative remedies."

1728686.1

Flowers, 307 F.Supp.2d at 69. "In the FOIA context, the exhaustion requirement is a

prudential consideration, not a judicial prerequisite." Id. at 66. But, this Court will bar

judicial review if the administrative scheme and the purposes of exhaustion support a

bar. Id. This Court has determined that FOIA's administrative scheme and its purpose

support barring review. Hidalgo v. Fed. Bureau of Investigation, 344 F.3d 1256, 1258-59

(D.C. Cir. 2003). With respect to the purpose factor, courts look to see whether barring

judicial review would

> prevent [] premature interference with agency processes, so
> that the agency may function efficiently and so that it may
> have an opportunity to correct its own errors, to afford the
> parties and the courts the benefit of its experience and
> expertise, and to compile a record which is adequate for
> judicial review.

Id. (internal quotations omitted) (quoting Weinberger v. Salfi, 422 U.S. 749, 765 (1975)).

　　　In this case, plaintiffs admit that the Internal Revenue Service responded to their

FOIA request and informed them that their request did not meet the requirements for a

valid FOIA request.[1]  Nevertheless, plaintiffs "inexplicably chose not to take steps to

correct . . . technical deficiencies." Flowers, 307 F.Supp.2d at 69. Instead, plaintiffs filed

this complaint. Because plaintiffs failed to perfect their FOIA request, judicial review of

the request "clearly would prematurely interfere with the agency process." Id.

---

[1]　　　Plaintiffs alleged that they "repeated [their] records request, and were
again denied access to records." (Compl. at 3.) Plaintiffs do not indicate whether or not
the Internal Revenue Service responded to the "repeated" request, and the complaint
did not provide any information about the dates such request was made, so the Internal
Revenue Service was unable to determine the disposition of the "repeated" request.

1728686.1

Therefore, this Court should decline to review plaintiffs' complaint and grant

defendants' motion for summary judgment.

CONCLUSION

Plaintiffs' failed to exhaust their administrative remedies because they failed to

perfect their FOIA request.  Therefore, this Court should grant defendants' motion for

summary judgment and dismiss plaintiffs' complaint.

Dated: May 26, 2006.

Respectfully submitted,


 /s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone/Fax:  (202) 307-6390/514-6866
Email: pat.genis@usdoj.gov



OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

4

1728686.1

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that on May 26, 2006, the MEMORANDUM IN SUPPORT O F

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT was served on the persons

below, by placing in the United States mail, postage prepaid, and properly addressed to

the following:

> Rene H. Hinojosa
> Deanna G. Hinojosa
> Plaintiffs *pro se*
> P.O. Box 756
> Rio Hondo, TX 78583


> /s/    Pat Genis
> PAT S. GENIS

1728686.1