Rene H. Hinojosa
Deanna G. Hinojosa
P.O. Box 756
Rio Hondo, Texas 78583

Plaintiffs *in Propria Persona*
Judiciary Act of 1789 § 35

# district court of the United States[1]
# District of Columbia

| | | |
|---|---|---|
| Rene Hinojosa, and Deanna Hinojosa, | Case №: | 1:06-cv-00215 JDB |
| Plaintiffs, | REQUEST FOR RULING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT | |
| v. | | |
| UNITED STATES [GOVERNMENT] | RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT | |
| Respondent. | | |

COME NOW Rene Hinojosa, and Deanna Hinojosa, in his/her own right, Faretta v. California, 422 US 809, and with Assistance of Counsel, Id., AMENDMENT VI, UNITED STATES CONSTITUTION, JUDICIARY ACT OF 1789, 1 Stat. 73, § 35, and 28 USC § 2072(b), and the INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS, implemented by EXECUTIVE ORDER 13107 on December 10, 1998, 63 Federal Register 240, pp 68991-68993, seeking a ruling on Plaintiffs' Motion for Summary judgment, and responding to Defendant's Motion:

I. DEFENDANT CONCEDED PLAINTIFFS' MOTION

    A. Plaintiffs' Motion for Summary Judgment was filed on April 20, 2006.

    B. Defendant failed to respond, or otherwise oppose the motion within 10 days, as required by Local Rule 7.

    C. Pursuant to the Rule, defendant conceded the motion, and summary judgment should be awarded to Plaintiffs, forthwith.

---

[1] As designated in The Freedom of Information Act, 5 USC § 552(a)(4)(B).

RECEIVED
JUN 28 2006
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

II. DEFENDANT'S MOTION AND ATTACHMENTS SUPPORT SUMMARY JUDGMENT IN FAVOR OF PLAINTIFFS

    A. Counsel states, STATEMENT OF FACTS, p. 3, that "...3 cases were closed after full or partial denials of records; 26 cases were closed because of imperfect requests".

    B. As a basis for the assertion, counsel relies *in toto* on the "Declaration" (sic) of John Rodriguez, at paragraph 11.

    C. For the clarity of the record, the "Declaration" (sic) of John Rodriguez, states, at paragraph 11:

"Because Mr. McMahan was unable to provide a specific request date, or explain the information sought by the Plaintiffs, I was unable to determine whether any of the submitted requests relate to the present lawsuit."

    D. However, the "Declaration" (sic) of John Rodriguez, states, at paragraph 10:

"...3 cases were closed because no responsive records existed; 1 case was closed after a partial denial of records; 2 cases were closed after full denials of records; 26 cases were closed because of imperfect requests"

III. NO GENUINE DISPUTE AS TO MATERIAL FACT

    A. Upon the record, defendant admits "1 case was closed after a partial denial of records; 2 cases were closed after full denials of records".

    B. Summary Judgment for Plaintiffs is appropriate with respect to these 3 cases, as there is no genuine dispute as to any relevant fact with respect to these three cases.

IV. "DECLARANT" LACKS PERSONAL KNOWLEDGE/COMPETENCE TO TESTIFY

    A. The "Declaration" (sic) of John Rodriguez establishes that Rodriguez lacks personal knowledge, stating that "Declarant" "...was able to determine that...3 cases were closed because no responsive records existed; 1 case was closed after a partial denial of records; 2 cases were closed after full denials of records; 26 cases were closed because of imperfect requests."

    B. Rodriguez' "Declaration" (sic) fails to identify who, of his subordinate Disclosure Officers, "closed" the cases, or any details of such "closures", demonstrating that Rodriguez lacks competence to testify to those omitted facts.

V. Rule 56(e) of the Federal Rules of Civil Procedure requires:

"[s]upporting and opposing *affidavits shall be made on personal knowledge*, shall set forth such facts as would be admissible in evidence, *and shall show affirmatively that the affiant is competent to testify* as to the matters stated therein. *Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.* The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." (emphases added)

   A.   Rodriguez' "Declaration" (sic) fails to assert that Rodriguez has the personal knowledge required by Rule 56.

   B.   The "Declaration" (sic) of John Rodriguez, at paragraph 11, establishes lack of personal knowledge:

   "I was unable to determine whether any of the submitted requests relate to the present lawsuit."

VI. As interpreted by the courts, the Rule requires that

   "any factual assertion in the movant's affidavits will be accepted by the district judge as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion."

Neal v. Kelly, 963 F.2d 453, at 456 (D.C. Cir. 1993) (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982)).

   A.   Movant has failed to include affidavits containing factual assertions of a person competent to testify, having personal knowledge of facts.

WHEREFORE, Plaintiffs Rene Hinojosa and Deanna Hinojosa seek relief in the following particulars:

I. Declaratory Judgment in the following particulars:

   A.   that We, Rene Hinojosa, and Deanna Hinojosa, are entitled to the due process of law — known as the FREEDOM OF INFORMATION ACT — secured in Amendment V, UNITED STATES CONSTITUTION, as such law was mandated by Congress;

   B.   That Respondents have acted arbitrarily or capriciously with respect to

        withholding the requested records.  5 USC § 552(a)(4).

C.    And further,

D.    That Writ of Mandamus issue, to compel Respondents to

    1.    to produce the requested records, 5 USC § 552(a)(4)(B);

    2.    to pay reasonable litigation costs. 5 USC § 552(a)(4)(E).

II.    An ORDER, enjoining IRS from any further activity in the absence of a certified copy of the summary record of assessment as mandated by section 6203 of the Internal Revenue Code of 1986.

Respectfully entered this 26 day of June, 2006.

_____
Rene Hinojosa

_____
Deanna Hinojosa