Rene H. Hinojosa
Deanna G. Hinojosa
P.O. Box 756
Rio Hondo, Texas 78583

Plaintiffs *in Propria Persona*
Judiciary Act of 1789 § 35

# district court of the United States[1]
# District of Columbia

Rene Hinojosa, and Deanna Hinojosa,   Case Nº:   1:06-cv-00215

Plaintiffs,   AFFIDAVIT IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

v.

UNITED STATES [GOVERNMENT]

Respondent.

State of Texas )
) ss.
County of Cameron :

I, Rene Hinojosa, have personal knowledge of the facts contained herein, and am competent to testify to said facts:

I sent FOIA requests to the IRS Austin Disclosure Office every day from February 1-15, 2005; February 19, 2005; once each on February 23-28, 2005 and one each March 1-4, 2005. SEE: Exhibits 1-26.

Stephanie K. Young, Disclosure Officer 18-02241 responded to all in one document on May 12th 2005 stating,

> "We cannot honor your request as FOIA's because they do not meet the requirements of the Act. The Freedom of Information Act provides for access by the public to records maintained by the Federal Government. In order for us to process your requests, you

---

[1] As designated in The Freedom of Information Act, 5 USC § 552(a)(4)(B).

RECEIVED
JUN 28 2006
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

*must establish your identity and right to the records you requested. Your requests are invalid because they lack original signatures. Please be advised the submission of separate requests for related records will be aggregated for the assessment of fees under the Freedom of Information Act. The relationship will be determined based on a review of the file on a case by case basis. Search time that exceeds the free two-hour limit will be billed at the allowable rate of $17.00 for each hour or fraction thereof."* SEE: Exhibit 27

My review of the Freedom of Information Act reveals no such requirement.

My review of the Freedom of Information Act reveals no authority to aggregate separate requests for purposes of charging fees, and each FOIA addressed in the May 12, 2005 response included a promise to pay.

On May 27, 2005, we responded to the May 12th document with a letter to Paula Ward, Disclosure Specialist 18-03230, with the following,

*"Please help me understand the invalidity of my freedom of information act requests mailed to the Austin office on or about April 30, 2005. You state of the lack of original signatures; I don't know where in my as it relates to my signature in my freedom of information act request that I mailed to the Austin office."* SEE: Exhibit 28

Then on June 10, 2005, we submitted an Affidavit to Paula Ward, Disclosure Specialist stating the following:

*Please accept this notice as my offer in good faith to comply as agreed per our phone conversation on June 7, 2005.*
*AFFIDAVIT*
*1.) The following documents are attached in regards to establishing my identity as stated in your letter sent.*
  *a. An original signed U.S. DEPARTMENT OF JUSTICE, Tax Division Identity Verification sheet.*
  *b. A good quality copy of my Texas state issued driver license. (Picture ID)*
SEE: Exhibit 29

Stephanie K. Young, Disclosure Specialist responded to this stating,

*"Your request still fails to meet the requirements of the FOIA. A commitment to pay <u>search</u> and <u>duplication</u> fees is required. You may submit a perfected request for our consideration within 30 days from the date of this letter."*
SEE: Exhibit 30

I sent FOIA'S on February 16, 17, & 18, 2005 and on February 20, 21, and 22, 2005.

The IRS failed to respond. SEE: Exhibits 31-36

I sent a FOIA Request to the IRS National Disclosure Office on March 5, 2005. SEE: Exhibit 37.

On June 6, 2005, one Symeria R. Rascoe, Tax Law Specialist, responded, stating

*"We don't maintain centralized files concerning taxpayers at headquarters of the Internal Revenue Service. If there were some investigation, examination or collection action taken in reference to you, the records would be maintained at the Campus Disclosure Office or District Disclosure Office in which such action took place where you filed your tax returns. If you wish to obtain copies of documents relating to you, or have questions relating to Jose Leal, your request should be forwarded to the appropriate District Disclosure Office or Campus Disclosure Office where you filed your income tax returns or where Mr. Leal is employed. The request should be directed to the attention of the Disclosure Officer, and should include proper evidence of your identity and state your willingness to pay any fees which may be incurred in the processing of your request."* SEE: Exhibit 38

I sent a FOIA Request to the IRS National Disclosure Office on March 6, 2005. SEE: Exhibit 39.

On June 6, 2005, Symeria R. Rascoe, Tax Law Specialist, responded again, stating

*"We don't maintain centralized files concerning taxpayers at headquarters of the Internal Revenue Service. If there were some investigation, examination or collection action taken in reference to you, the records would be maintained at the Campus Disclosure Office or District Disclosure Office in which such action took place where you filed your tax returns. If you wish to obtain copies of documents relating to you, or have questions relating to Pedro Suarez, your request should be forwarded to the appropriate District Disclosure Office or Campus Disclosure Office where you filed your income tax returns or where Mr. Suarez is employed. The request should be directed to the attention of the Disclosure Officer, and should include proper evidence of your identity and state your willingness to pay any fees which may be incurred in the processing of your request."* SEE: Exhibit 40

I sent a FOIA Request to the Department of Justice, Tax Division, on March 7, 2005. SEE: Exhibit 41

J. Brian Ferrel responded by certified mail on May 23rd 2005 stating,

*"We understand from your request that you are seeking a copy of a document signed by the Attorney General or the Attorney General's designee through which a criminal or civil investigation into your activities was authorized for the years 1994-2005... based on the information provided, we could locate no responsive records."* SEE: Exhibit 42

I sent a FOIA Request to the Treasury Inspector General Tax Administration on March 8, 2005. SEE: Exhibit 43

Stephanie K. Young, Disclosure Officer responded on June 03, 2005 stating,

> "The System of Records referenced in our request IRS 46.002, is exempt from access pursuant to Privacy Act Exemption (j) (2) and FOIA EXEMPTION (B) (7) (E). We have nothing to provide in response to your request. The enclosed Notice 393 explains your appeal rights." SEE: Exhibit 44

I sent a FOIA Request to the Treasury Inspector General Tax Administration on March 9, 2005. SEE: Exhibit 45.

The Office of Inspector General for TAX ADMINISTRATION responded on May 19, 2005 stating,

> "Please note that System #60.004, Disclosure Investigation Files, is a system of records that was previously maintained by the Chief Inspector's Office of the Internal Revenue Service (IRS). When the powers and responsibilities of the Chief Inspector's Office were transferred to the Treasury Inspector General for Tax Administration (TIGTA), System #60.004, as well as the other systems of records that fell under the Chief Inspector's Office, were consolidated and renamed as Treasury/DO .311, TIGTA Office of Investigations Files. The system of records you are requesting is exempt from release pursuant to Section (j)(2) of the Privacy Act of 1974, Title 5 USC 552a; however, because your incoming request has met all of the requirements for a valid FOIA request, we are considering your request as such. A check of TIGTA indices revealed no records responsive to your request." SEE: Exhibit 46

I sent the FOIA Request to the IRS Office of Assistant Chief Counsel on March 10, 2005. SEE: Exhibit 47

Symeria R. Rascoe, Tax Law Specialist, responded, on June 1st 2005 stating,

> "This is to acknowledge receipt of your Freedom of Information Act request dated March 10, 2005, for a copy of all documents, transcripts and/or record maintained in a system of records identified as Chief counsel Disclosure Litigation Case Files – Treasury/IRS 90.002 which pertain to you with the assigned Treasury Account number 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. We need more time to locate and consider releasing the Internal Revenue Service records you have requested. We are sorry for any inconvenience the delay may cause. Under certain circumstances we may extend the 20-business day time limit for responding to your request by an additional 10 business days. See FOIA, 5 USC 552 (a)(6)(B) and 31 CFR 1.5(j). We need this additional time to:
> /X/ search for and collect the requested records from other locations (e.g., Federal Records Center) separate from this office;
> / / search for, collect, and review a large volume of records, which are responsive to your request;
> / / consult with another agency or Treasury bureau, which has a substantial interest in one or more of the records, which are responsive to your request.
> We plan to provide you with our response as soon as possible. Thank you for your patience in this matter if you are still interested in receiving the requested information, no reply to this letter is necessary." SEE: Exhibit 48.

Mrs. Rascoe responded again on June 08, 2006 to the same FOIA with the following:

> "This is in response to your March 10, 2005, Freedom of Information Act request for a copy of all documents maintained in the System of Records known as Chief, Counsel Disclosure Litigation Case Files – Treasury/IRS 90.002 which pertains to you with assigned Treasury Account Number 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. The Office of Chief Counsel conducted a search for records on CASE-TECHMIS and TL-CATS, they found no records that come within the scope of your request." SEE: Exhibit 49

I sent a FOIA Request to the FOIA/PA Unit, Tax Division, CTS-Eastern Region, DOJ, Washington, DC on March 11, 2005. SEE: Exhibit 50.

IRS responded by certified mail May 13th 2005 asserting "no responsive record". SEE: Exhibit 51

I sent a FOIA Request to the IRS Austin Disclosure Office on March 12, 2005. SEE: Exhibit 52

IRS failed to respond.

I sent a FOIA Request to the IRS Austin Disclosure Office on March 13, 2005. SEE: Exhibit 53

Stephanie K. Young, Disclosure Officer, Austin Campus responded on June 3rd 2005 stating,

> "The System of Records referenced in your request, IRS 46.002, is exempt from access pursuant to Privacy Act Exemption (j) (2) and FOIA Exemption (b) (7) (E). We have nothing to provide in response to your request. The enclosed Notice 393 explains your appeal rights." SEE: Exhibit 54

My review of the Privacy Act reveals that subsection (j)(2) exempts records:

"(2) maintained by an agency or component thereof which performs *as its principal function any activity pertaining to the enforcement of criminal laws*, including police efforts to prevent, control, or reduce crime or to apprehend criminals, and the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities, and which consists of (A) information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status; (B) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or (C) reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision. <u>At the time rules are adopted under this subsection, the agency shall include in the statement required under section 553(c) of this title, the reasons why</u>

the system of records is to be exempted from a provision of this section. (Emphases added)

In respect of the first emphasized provision (*italicized*), Exhibit 42 specifies no criminal investigation of me has been authorized.

In respect of the second emphasized provision (underlined), it appears that no rule has been adopted by Internal Revenue Service including any "statement required under section 553(c) of [Title 5, United States Code] the reasons why the system of records is to be exempted". Furthermore, Chief Counsel Advice issued 1/12/2001 states that records in 46.002 are "probably not" subject to Privacy Act restrictions. SEE: Exhibit 55, pp.2; 4.

I sent a FOIA Request to the IRS Austin Disclosure Office on January 1, 2006. SEE: Exhibit 56

IRS responded saying their searches yielded nothing to indicate that any forms 13496 exist with respect to my account. IRS sent 55 pages of information of which only six had information on them. The other 49 pages said,

*"THIS DOCUMENT MAY NOT BE PROVIDED TO TAXPAYER" with no other explanations.* SEE: Exhibit 57.

Further Affiant saith not.

_____
Rene Hinojosa

Sworn to and subscribed before me, Lisa Garza, a Notary Public in the state of Texas, this 26th day of June, 2006.

_____
Notary Public

LISA GARZA
MY COMMISSION EXPIRES
December 13, 2006