# FREEDOM OF INFORMATION ACT REQUEST

Requester: Rene H Hinojosa
P.O. Box 756
Rio Hondo, TX 78583

February 11, 2005

IRS FOIA Request
Austin Disclosure Office
M/S 7000 AUS 300 East 8th St Room 480
Austin, TX 78701

Certificate of Mailing No. 8213-00-0013

Re: Treasury Account No. 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

Dear Disclosure Officer:

This is a Freedom of Information Act / Privacy Act request made under authority of 5 USC 552 and 26 CFR 601.702(f). If the requested documents are classified, please redact classified sections then send portions that are not redacted, together with a detailed explanation of why they have been classified. If the requested documents are not kept at the service center referenced above, please forward this request to the office where they are located as required per House Report 105-37 of the 105th Congress:

If any of the requested documents are exempt from release, please furnish Requester with those portions reasonably segregative. Requester is waiving inspection of the requested records.

Requester is attesting under the penalty of perjury that Requester is a category (E) Requester.

This request pertains to the years 1994 through 2004.

**THIS IS A REQUEST FOR DOCUMENTS:**

1. **BACKGROUND: 26 CFR Part 301.6203-1 and 27 CFR Part 70.72** Method of assessment requires: "*The assessment shall be made by an assessment officer signing the summary record of assessment. If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed*, the taxable period, if applicable, and the amounts assessed". (See exhibit A)

2. **Please provide Requester** copies of all **documents identified as the summary record of assessment signed by the assessment officer** – Bearing the name of the taxpayer specific to Requester with the assigned Treasury Account number 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.

"A Requester is *not* required to identify the *specific system of records* that contain the information sought. It is sufficient to identify the *agency that has the records*. Using information provided by the Requester, the agency will determine the *system of records* that *has the files* that have been requested." ***You have Requestor's promise to pay up to fifty ($50) dollars for all documents beyond those provided free. If the estimated cost exceeds fifty ($50) dollars, please notify Requestor in writing.***

FOIA # 0-13                                                                                              Page 1 of 2
26 CFR 301.6203-1, Signed Summary of Assessment                              Notary Acknowledgement on page two

Notice is hereby given that if the IRS fails to produce any of the requested documents within thirty (30) days of this request, failure to do so shall be construed as prima facie evidence that the IRS is unable to do so and shall create the legal presumption that the requested documents do not exist. If an extension of time is required to complete this request, please notify this Requestor in writing of this requirement.

You are also cautioned that pursuant to that Internal Revenue Service Restructuring and Reform Act (Section 1203, P.L. 105-206), you are required to comply with the Internal Revenue Code, the Internal Revenue Manual, Treasury Regulations, and all other Internal Revenue Service policies and procedures. If you fail to comply, you may be personally liable for civil and/or criminal prosecution under 26 USC 7214(a) and 26 USC 7433.

I understand the penalties provided in 5 USC 552(a)(I)(3) for requesting or obtaining access to records under false pretenses.

Signature of Requester, _Rene A. Hinojosa_

County of _Cameron_ )
) ss
State of _Texas_ )

On this _5_ day of _April_, 2005, _Rene A. Hinojosa_ personally appeared known to me, or proved to me on the basis of satisfactory evidence to be the one whose appellation is subscribed to within this instrument.

Witness my hand and official seal:

_[signature]_
Signature of Notary Public

My Commission Expires: _12-13-06_

(b) Any transaction or act upon which a tax is required to be paid by means of a stamp occurs;

The district director, upon such information as he can obtain, must estimate the amount of the tax which has not been paid and the district director or the director of the regional service center must make assessment therefor upon the person the district director determines to be liable for the tax. However, the district director or the director of the regional service center may not assess any tax which is payable by stamp unless the taxpayer fails to pay such tax at the time and in the manner provided by law or regulations.

(ii) If a taxpayer gives a check or money order as a payment for stamps but the check or money order is not paid upon presentment, then the district director or the director of the regional service center shall assess the amount of the check or money order against the taxpayer as if it were a tax due at the time the check or money order was received by the district director.

(3) *Erroneous income tax prepayment credits.* If the amount of income tax withheld or the amount of estimated income tax paid is overstated by a taxpayer on a return or on a claim for refund, the amount so overstated which is allowed against the tax shown on the return or which is allowed as a credit or refund shall be assessed by the district director or the director of the regional service center in the same manner as in the case of a mathematical error on the return. See section 6213(b)(1), relating to exceptions to restrictions on assessment.

(b) *Estimated income tax.* Neither the district director nor the director of the regional service center shall assess any amount of estimated income tax required to be paid under section 6153 or 6154 which is unpaid.

(c) *Compensation of child.* Any income tax assessed against a child, to the extent of the amount attributable to income included in the gross income of the child solely by reason of section 73(a) or the corresponding provision of prior law, if not paid by the child, shall, for the purposes of the income tax imposed by chapter 1 of the Code (or the corresponding provisions of prior law), be considered as having also been properly assessed against the parent. In any case in which the earnings of the child are included in the gross income of the child solely by reason of section 73(a) or the corresponding provision of prior law, the parent's liability is an amount equal to the amount by which the tax assessed against the child (and not paid by him) has been increased by reason of the inclusion of such earnings in the gross income of the child. Thus, if for the calendar year 1954 the child has income of $1,000 from investments and of $3,000 for services rendered, and the latter amount is includible in the gross income of the child under section 73(a) and the child has no wife or dependents, the tax liability determined under section 3 is $625. If the child had only the investment income of $1,000, his tax liability would be $62. If the tax of $625 is assessed against the child, the difference between $625 and $62, or $563, is the amount of such tax which is considered to have been properly assessed against the parent, if not paid by the child.

§ 301.6203–1　**Method of assessment.**

The district director and the director of the regional service center shall appoint one or more assessment officers. The district director shall also appoint assessment officers in a Service Center servicing his district. <u>The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer,</u> the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown, and in all other cases the amount of the assessment shall be the amount shown on the supporting list or record. The date of the assessment is the date the summary record is signed by an assessment officer. <u>If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability</u>



EXHIBIT PAGE A | 1 | 2
— | — | —
 | | of 2

FOIA

Transcripts
Exhibit 35(65)0-7

EXHIBIT A  PAGE 2  of 2

I R Manual

Form 4340—Certificate of Assessments and Payments



MT 3500-219

page 35(65)0-48 (1-1-96)