# FREEDOM OF INFORMATION ACT REQUEST

Requestor: Rene H Hinojosa
P.O. Box 756
Rio Hondo, TX 78583

February 15, 2005

IRS FOIA Request
Austin Disclosure Office
M/S 7000 AUS 300 East 8th St Room 480
Austin, TX 78701

Certificate of Mailing No. 8213-01-2001

Re: Treasury Account No. 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

Dear Disclosure Officer:

This is a Freedom of Information Act / Privacy Act request made under authority of 5 USC 552 and 26 CFR 601.702(f). If the requested documents are classified, please redact classified sections then send portions that are not redacted, together with a detailed explanation of why they have been classified. If the requested documents are not kept at the Service Center referenced above, please forward this request to the office where they are located as required per House Report 105-37 of the 105th Congress:

If any of the requested documents are exempt from release, please furnish Requestor with those portions reasonably segregative. Requestor is waiving inspection of the requested records.

Requestor is attesting under the penalty of perjury that Requestor is a category (E) requester.

This request pertains to the years 1994 through 2004.

## THIS IS A REQUEST FOR DOCUMENTS:

1. **Please send Requester** copies of all documents available on **Pedro Suarez,** ID number **74-20160,** identified as an Internal Revenue Service, Revenue Officer, pursuant to 5 CFR 293.311 as provided in Exhibit A.

2. **Please send Requester** copies of all documentation that shows **Pedro Suarez's** position as of January 1, to present with the Internal Revenue Service.

3. **Please send Requester** copies of all documentation that provides the GS level of **Pedro Suarez.**

4. **Please send Requester** all copies of **Pedro Suarez's** job description and Appointment Affidavits. (See Exhibit B)

5. **Please send Requester** copies of all the letter of authority for **Pedro Suarez.**

6. **Please send Requester** copies of all delegation of authority orders for **Pedro Suarez,** up to and including the District/Area Director with copies of all Appointment Affidavit. (See Exhibit C)

7. **Please send Requester** copies of all documents that disclose the identification number of the audit group(s) and branch managers' name(s) and title(s) to which the Requestor's case has been assigned.

"A Requester is *not* required to identify the *specific system of records* that contain the information – being sought. It is sufficient to identify the *agency that has the records*. Using information provided by the Requester, the agency will determine the *system of records* that *has the files* that have been requested." ***You have Requestor's promise to pay up to fifty ($50) dollars for all documents beyond those provided free. If the estimated cost exceeds fifty ($50) dollars, please notify Requestor in writing.***

Notice is hereby given that if the IRS fails to produce any of the requested documents within thirty (30) days of this request, failure to do so shall be construed as prima facie evidence that the IRS is unable to do so and shall create the legal presumption that the requested documents do not exist. If an extension of time is required to complete this request, please notify this Requestor in writing of this requirement.

You are also cautioned that pursuant to that Internal Revenue Service Restructuring and Reform Act (Section 1203, P.L. 105-206), you are required to comply with the Internal Revenue Code, the Internal Revenue Manual, Treasury Regulations, and all other Internal Revenue Service policies and procedures. If you fail to comply, you may be personally liable for civil and/or criminal prosecution under 26 USC 7214(a) and 26 USC 7433.

I understand the penalties provided in 5 USC 552(a)(I)(3) for requesting or obtaining access to records under false pretenses.

Signature of Requester, _~Rene A. Dominguen~_

County of _Cameron_  )
                     ) ss
State of _Texas_     )

On this _5_ day of _April_ , 2005, _Rene A. Dominguen_ personally appeared known to me, or proved to me on the basis of satisfactory evidence to be the one whose appellation is subscribed to within this instrument.

Witness my hand and official seal:

Signature of Notary Public

My Commission Expires: _12-13-06_

LISA GARZA
MY COMMISSION EXPIRES
December 13, 2006

records from the OPF before it is transferred to another agency. For these and also for temporary records of their current employees, maintenance of the records shall be in accordance with General Records Schedule 1, promulgated by the General Services Administration.

### § 293.309  Reconstruction of lost OPFs.

Agencies will take necessary precautions to safeguard all OPFs. In the event of a lost or destroyed OPF, the current (or last, in the case of a former Federal employee) employing agency shall take the necessary action to reconstruct the essential portions of the OPF as specified in the Guide to Personnel Recordkeeping or other Office instructions.

[50 FR 3309, Jan. 24, 1985, as amended at 66 FR 66709, Dec. 27, 2001]

### § 293.310  Response to requests for information.

The Office, or an agency in physical possession of an OPF in response to a third party Freedom of Information Act (FOIA) request may disclose information as provided in this subpart. A current employee's request for access to his/her own OPF (also included are employee performance file system folders and files) that cites the FOIA, as with all stated Privacy Act requests made by current employees, shall be processed in accordance with agency Privacy Act procedures consistent with Office regulations in part 297 of this chapter. All requests for their OPFs from former employees, and FOIA requests for former employee OPFs, shall be referred to the Office's regional or area office nearest to the location of the requester.

### § 293.311  Availability of information.

(a) The following information from both the OPF and employee performance file system folders, their automated equivalent records, and from other personnel record files that constitute an agency record within the meaning of the FOIA and which are under the control of the Office, about most present and former Federal employees, is available to the public:

(1) Name;

(2) Present and past position titles and occupational series;

(3) Present and past grades;

(4) Present and past annual salary rates (including performance awards or bonuses, incentive awards, merit pay amount, Meritorious or Distinguished Executive Ranks, and allowances and differentials);

(5) Present and past duty stations (includes room numbers, shop designations, or other identifying information regarding buildings or places of employment); and

(6) Position descriptions, identification of job elements, and those performance standards (but not actual performance appraisals) that the release of which would not interfere with law enforcement programs or severely inhibit agency effectiveness. Performance elements and standards (or work expectations) may be withheld when they are so intertwined with performance appraisals that their disclosure would reveal an individual's performance appraisal.

(b) The Office or agency will generally not disclose information where the data sought is a list of names, present or past position titles, grades, salaries, performance standards, and/or duty stations of Federal employees which, as determined by the official responsible for custody of the information:

(1) Is selected in such a way that would reveal more about the employee on whom information is sought than the six enumerated items, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; or

(2) Would otherwise be protected from mandatory disclosure under an exemption of the FOIA.

(c) In addition to the information described in paragraph (a) of this section, a Government official may provide other information from these records (or automated equivalents) of an employee, to others outside of the agency, under a summons, warrant, subpoena, or other legal process; as provided by the Privacy Act (5 U.S.C. 552a(b)(4) through (b)(11)), under those Privacy Act routine uses promulgated by the Office, and as required by the FOIA.

A-1 of 1

| EXHIBIT | PAGE | of |
|---------|------|-----|
| B | 1 | 1 |

# APPOINTMENT AFFIDAVITS

| Director | October 1, 1993 |
|----------|-----------------|
| (Position to which appointed) | (Date of appointment) |

| Treasury | ATF | Washington, DC |
|----------|-----|----------------|
| (Department or agency) | (Bureau or Division) | (Place of employment) |

I, _____ John W. Magaw _____ do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

_(Signature of appointee)_

Subscribed and sworn (or affirmed) before me this _1st_ day of _October_, 1993

at _Washington_                                   _DC_

[SEAL]

_(Signature of officer)_

Commission expires _____                 Assistant Secretary (Enforcement)
_(If by a Notary Public, the date of expiration of his/her
Commission should be shown)_                                   _(Title)_

NOTE.—The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken when the appointee elects to affirm, rather than swear, the validity to the affidavits, only these words may be stricken and only when the appointee elects to affirm the affidavits.

U.S. GOVERNMENT PRINTING OFFICE : 1991 O - 265-010

"Master File Copy" 40
DO NOT REMOVE

| INTERNAL REVENUE SERVICE | ORDER NO. | |
|---|---|---|
| Midstates Region | | DO-AOK-12 |
| **DELEGATION ORDER** | OFFICE: | Arkansas-Oklahoma District |

| SUBJECT: | | |
|---|---|---|
| Authority To Require Records Be Kept | | |

| AUTHORITY FOR DELEGATION: | DATE OF ISSUE: | EFFECTIVE DATE: |
|---|---|---|
| Treasury Regulation Section 1.6001-1(d) Internal Revenue Manual 4271.23 | APR 2 5 1996 | APR 2 5 . |

The following are authorized to require any person, by notice served upon him/her, to keep such records sufficient to determine whether or not such person is liable for tax under the Internal Revenue Code.

Chief, Examination Division
Chief, Planning and Measurement Branch

K. J. Sawyer
District Director

Sample

| EXHIBIT | PAGE | of |
|---|---|---|
| C | 1 | 1 |

| EFFECT ON OTHER DOCUMENTS: | REDELEGATION: |
|---|---|
| Supersedes DO-OKC-38, Rev. 6, and DO-LR-53, Rev. 8 | ☒ Authority may not be redelegated. ☐ Authority may be redelegated as specified in text. |

| DISTRIBUTION: | Chief, Compliance Officer - MSRO | District Director |
|---|---|---|
| | Chief, Examination Division | |
| | Chief, Planning and Measurement Branch | |