# FREEDOM OF INFORMATION ACT REQUEST

Requestor: Rene H Hinojosa
P.O. Box 756
Rio Hondo, TX 78583

February 23, 2005

IRS FOIA Request
Austin Disclosure Office
M/S 7000 AUS 300 East 8th St Room 480
Austin, TX 78701

Certificate of Mailing No. 8213-00-3001

Re: Treasury Account No. 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

Dear Disclosure Officer:

This is a Freedom of Information Act / Privacy Act request made under authority of 5 USC 552 and 26 CFR 601.702(f). If the requested documents are classified, please redact classified sections then send portions that are not redacted, together with a detailed explanation of why they have been classified. If the requested documents are not kept at the service center referenced above, please forward this request to the office where they are located as required per House Report 105-37 of the 105th Congress:

If any of the requested documents are exempt from release, please furnish Requester with those portions reasonably segregative. Requester is waiving inspection of the requested records.

Requester is attesting under the penalty of perjury that Requester is a category (E) requester.

This request pertains to the years 1994 through 2004.

**THIS IS A REQUEST FOR DOCUMENTS:**

1. **Please send Requester** copies of all documents maintained in the system of records identified as Lien Files, Open and Closed, (OP) – Treasury/IRS 26.009, which pertain to Requester with the assigned Treasury Account number 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. (See Exhibit A)

2. **Please send Requester** copies of all documents indicating the Attorney General authorized the Lien to be filed against Requester with the assigned Treasury Account 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, as authorized by 18 USC 3613, (See Exhibit B)

"A Requester is *not* required to identify the *specific system of records* that contain the information sought. It is sufficient to identify the *agency that has the records*. Using information provided by the Requester, the agency will determine the *system of records* that *has the files* that have been requested." ***You have Requestor's promise to pay up to fifty ($50) dollars for all documents beyond those provided free. If the estimated cost exceeds fifty ($50) dollars, please notify Requestor in writing.***

Notice is hereby given that if the IRS fails to produce any of the requested documents within thirty (30) days of this request, failure to do so shall be construed as prima facie evidence that the IRS is unable to do so and shall create the legal presumption that the requested documents do not exist. If an extension of time is required to complete this request, please notify this Requestor in writing of this requirement.

FOIA # 3-1
18 USC 3613, Lien Authority

Page 1 of 2
Notary Acknowledgement on page two

You are also cautioned that pursuant to that Internal Revenue Service Restructuring and Reform Act (Section 1203, P.L. 105-206), you are required to comply with the Internal Revenue Code, the Internal Revenue Manual, Treasury Regulations, and all other Internal Revenue Service policies and procedures. If you fail to comply, you may be personally liable for civil and/or criminal prosecution under 26 USC 7214(a) and 26 USC 7433.

I understand the penalties provided in 5 USC 552(a)(I)(3) for requesting or obtaining access to records under false pretenses.

Signature of Requester, _____

County of _Cameron_ )
                      ) ss
State of _Texas_ )

On this _5_ day of _April_, 2005, _____ personally appeared known to me, or proved to me on the basis of satisfactory evidence to be the one whose appellation is subscribed to within this instrument.

Witness my hand and official seal: _____

[Notary Seal: LISA GARZA, MY COMMISSION EXPIRES December 13, 2006]

Signature of Notary Public

My Commission Expires: _12-13-06_

**LII**
legal information institute

collection home

US CODE COLLECTION



search

Prev | Next

TITLE 18 > PART II > CHAPTER 229 > SUBCHAPTER B > Sec. 3613.

Sec. 3613. - Civil remedies for satisfaction of an unpaid fine

(a) Enforcement. -

The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that -

(1)

property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;

(2)

section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and

(3)

the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

(b) Termination of Liability. -

The liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined.

(c) Lien. -

A fine imposed pursuant to the provisions of subchapter C of chapter 227 of this title, or an order of restitution made pursuant to sections [1] 2248, 2259, 2264, 2327, 3663, 3663A, or 3664 of this title, is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986. The

Search this title:

Search Title 18

Notes
Updates
Parallel authorities (CFR)
Topical references

| EXHIBIT | PAGE | of |
|---|---|---|
| B | 1 | 2 |

PURPOSE(S):

This system enables the IRS to secure documentation concerning the resolution of balance due and return delinquency cases concerning IRS employees. This documentation may be used to support conduct investigations.

ROUTINE USES OF RECORDS MAINTAINED IN THE SYSTEM, INCLUDING CATEGORIES OF USERS AND THE PURPOSES OF SUCH USES:

Disclosure of returns and return information may be made only as provided by 26 U.S.C. 6103.

POLICIES AND PROCEDURES FOR STORING, RETRIEVING, ACCESSING, RETAINING, AND DISPOSING OF RECORDS IN THE SYSTEM:

STORAGE:

Paper records and magnetic media.

RETRIEVABILITY:

By taxpayer name and taxpayer identification number (social security number or employer identification number).

SAFEGUARDS:

Access controls will not be less than those provided by the Automated Information System Security Handbook, IRM 2(10)00, and the Manager's Security Handbook, IRM 1(16)12.

RETENTION AND DISPOSAL:

Records are maintained in accordance with Records Disposition Handbooks, IRM 1.15.2.1 through IRM 1.15.2.31.

SYSTEM MANAGER(S) AND ADDRESS:

Official prescribing policies and practices—Assistant Commissioner (SB/SE, W&I, LMSB). Officials maintaining the system—Assistant Commissioner (SB/SE, W&I, LMSB), Regional Commissioners, Area Directors, Internal Revenue Service Center Directors. (See IRS appendix A for addresses.)

NOTIFICATION PROCEDURE:

This system of records may not be accessed for purposes of determining if the system contains a record pertaining to a particular individual.

RECORD ACCESS PROCEDURES:

This system of records may not be accessed for purposes of inspection or for contest of content of records.

CONTESTING RECORD PROCEDURES:

26 U.S.C. 7852(e) prohibits Privacy Act amendment of tax records.

RECORD SOURCE CATEGORIES:

This system of records contains investigatory material compiled for law enforcement purposes whose sources need not be reported.

EXEMPTIONS CLAIMED FOR THE SYSTEM:

This system has been designated as exempt from certain provisions of the Privacy Act.

Treasury/IRS 26.009

SYSTEM NAME:

Lien Files (Open and Closed)-Treasury/IRS.

SYSTEM LOCATION:

Area Offices and the Internal Revenue Service Centers. (See IRS appendix A for addresses.)

CATEGORIES OF INDIVIDUALS COVERED BY THE SYSTEM:

Taxpayers on whom Federal tax liens have been filed.

CATEGORIES OF RECORDS IN THE SYSTEM:

Taxpayer name, address, taxpayer identification number, information about basis of assessment including class of tax, period, dollar amount. Open and closed Federal tax liens including: Certificates of Discharge of Property from Federal Tax Lien; Certificates of Subordination; Certificates of Non-Attachment; Exercise of Government's Right of Redemption of Seized Property; Releases of Government's Right of Redemption. Federal tax lien information entered in Treasury Enforcement Communications System.

AUTHORITY FOR MAINTENANCE OF THE SYSTEM:

5 U.S.C. 301; 26 U.S.C. 6323, 7801 and 7802.

PURPOSE(S):

To identify those taxpayers on whom a Federal tax lien, discharge, or subordination on lien attachment has been filed. The file also provides notice to the public that the Federal Government has an interest in property or rights to the property of the identified taxpayer. Further, the file also provides evidence that the lien has been released, a specific piece of property has been discharged and the government has obtained its interest in the property, or a subordination has been granted and the government has taken a junior lien position, or a certification of nonattachment has been issued.

ROUTINE USES OF RECORDS MAINTAINED IN THE SYSTEM, INCLUDING CATEGORIES OF USERS AND THE PURPOSES OF SUCH USES:

Disclosure of returns and return information may be made only as provided by 26 U.S.C. 6103. Notices of lien and the index thereto are available to the public.

POLICIES AND PROCEDURES FOR STORING, RETRIEVING, ACCESSING, RETAINING, AND DISPOSING OF RECORDS IN THE SYSTEM:

STORAGE:

Paper records and magnetic media.

RETRIEVABILITY:

By taxpayer name and taxpayer identification number (social security number or employer identification number).

SAFEGUARDS:

Access controls will not be less than those provided by the Automated Information System Security Handbook, IRM 2(10)00, and the Manager's Security Handbook, IRM 1(16)12.

RETENTION AND DISPOSAL:

Records are maintained in accordance with Records Disposition Handbooks, IRM 1.15.2.1 through IRM 1.15.2.31.

SYSTEM MANAGER(S) AND ADDRESS:

Official prescribing policies and practices—Assistant Commissioner (SB/SE, W&I, LMSB). Officials maintaining the system—Assistant Commissioner (SB/SE, W&I, LMSB), Regional Commissioners, Area Directors and Internal Revenue Service Center Directors. (See IRS appendix A for addresses.)

NOTIFICATION PROCEDURE:

Individuals seeking to determine if this system of records contains a record pertaining to themselves may inquire in accordance with instructions appearing at 31 CFR Part 2, Subpart C, Appendix B. Inquires should be addressed as in "Record access procedures" below.

RECORD ACCESS PROCEDURES:

Individuals seeking access to any record contained in this system of records may inquire in accordance with instructions appearing at 31 CFR part 1, subpart C, appendix B. Inquiries should be addressed to the Area Director of each Area where records are to be searched. (See IRS appendix A for addresses.) This system contains copies of public records, the originals of which are filed in accordance with the laws of each state, the Area of Columbia, the Commonwealth of Puerto Rico, or possessions of the United States.

CONTESTING RECORD PROCEDURES:

26 U.S.C. 7852(e) prohibits Privacy Act amendment of tax records.

RECORD SOURCE CATEGORIES:

Tax returns and other filings made by the individual and agency entries made in the administration of the individual's tax account.

EXHIBIT  PAGE  of
A        1     1

lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under subsection (b).

**(d) Effect of Filing Notice of Lien. -**

Upon filing of a notice of lien in the manner in which a notice of tax lien would be filed under section 6323(f)(1) and (2) of the Internal Revenue Code of 1986, the lien shall be valid against any purchaser, holder of a security interest, mechanic's lienor or judgment lien creditor, except with respect to properties or transactions specified in subsection (b), (c), or (d) of section 6323 of the Internal Revenue Code of 1986 for which a notice of tax lien properly filed on the same date would not be valid. The notice of lien shall be considered a notice of lien for taxes payable to the United States for the purpose of any State or local law providing for the filing of a notice of a tax lien. A notice of lien that is registered, recorded, docketed, or indexed in accordance with the rules and requirements relating to judgments of the courts of the State where the notice of lien is registered, recorded, docketed, or indexed shall be considered for all purposes as the filing prescribed by this section. The provisions of section 3201(e) of chapter 176 of title 28 shall apply to liens filed as prescribed by this section.

**(e) Discharge of Debt Inapplicable. -**

No discharge of debts in a proceeding pursuant to any chapter of title 11, United States Code, shall discharge liability to pay a fine pursuant to this section, and a lien filed as prescribed by this section shall not be voided in a bankruptcy proceeding.

**(f) Applicability to Order of Restitution. -**

In accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution.

---

[1] So in original. Probably should be "section".

Prev | Next

© copyright    about us    send email

EXHIBIT B  PAGE 2  of 2