# FREEDOM OF INFORMATION ACT REQUEST

Requestor: Rene H Hinojosa
P.O. Box 756
Rio Hondo, TX 78583

February 25, 2005

IRS FOIA Request
Austin Disclosure Office
M/S 7000 AUS 300 East 8th St Room 480
Austin, TX 78701

Certificate of Mailing No. 8213-00-3003

Re: Treasury Account No. 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

Dear Disclosure Officer:

This is a Freedom of Information Act / Privacy Act request made under authority of 5 USC 552 and 26 CFR 601.702(f). If the requested documents are classified, please redact classified sections then send portions that are not redacted, together with a detailed explanation of why they have been classified. If the requested documents are not kept at the service center referenced above, please forward this request to the office where they are located as required per House Report 105-37 of the 105th Congress:

If any of the requested documents are exempt from release, please furnish Requester with those portions reasonably segregative. Requester is waiving inspection of the requested records.

Requester is attesting under the penalty of perjury that Requester is a category (E) requester.

This request pertains to the years 1994 through 2004.

**THIS IS A REQUEST FOR DOCUMENTS:**

1. **BACKGROUND; 26 Sec. 6331.** – (a) Authority of Secretary – *Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the Unites States, the District of Columbia,* by serving a notice of levy on the employee (as defined in section 3401 (d)) of such officer, employee, or elected official. (See Exhibit A)

2. **Please send Requester** copies of all documents indicating the Requester with the assigned Treasury Account number 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 is *an officer* of the United States or the District of Columbia as referenced in Exhibit A above.

3. **Please send Requester** copies of all documents indicating the Requester with the assigned Treasury Account number 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 is *an employee* of the United States or the District of Columbia as referenced in Exhibit A above.

4. **Please send Requester** copies of all documents indicating the Requester with the assigned Treasury Account number 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 is *an elected official* of the United States of the District of Columbia as referenced in Exhibit A above.

FOIA # 3-3
26 USC 6331 (a), IRS Levy Authority

Page 1 of 2
Notary Acknowledgement on page two

5. **Please send Requester** copies of all documents indicating the Requester with the assigned Treasury Account number 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 is *an agency* of the United States of the District of Columbia as referenced in Exhibit A above.

6. **Please send Requester** copies of all documents indicating the Requester with the assigned Treasury Account number 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 is *an instrumentality* of the United States of the District of Columbia as referenced in Exhibit A above.

"A Requester is *not* required to identify the *specific system of records* that contain the information sought. It is sufficient to identify the *agency that has the records*. Using information provided by the Requester, the agency will determine the *system of records* that *has the files* that have been requested." **You have Requestor's promise to pay up to fifty ($50) dollars for all documents beyond those provided free. If the estimated cost exceeds fifty ($50) dollars, please notify Requestor in writing.**

Notice is hereby given that if the IRS fails to produce any of the requested documents within thirty (30) days of this request, failure to do so shall be construed as prima facie evidence that the IRS is unable to do so and shall create the legal presumption that the requested documents do not exist. If an extension of time is required to complete this request, please notify this Requestor in writing of this requirement.

You are also cautioned that pursuant to that Internal Revenue Service Restructuring and Reform Act (Section 1203, P.L. 105-206), you are required to comply with the Internal Revenue Code, the Internal Revenue Manual, Treasury Regulations, and all other Internal Revenue Service policies and procedures. If you fail to comply, you may be personally liable for civil and/or criminal prosecution under 26 USC 7214(a) and 26 USC 7433.

I understand the penalties provided in 5 USC 552(a)(I)(3) for requesting or obtaining access to records under false pretenses.

Signature of Requester, _[signature]_

County of _Cameron_ )
) ss
State of _Texas_ )

On this _5_ day of _April_, 2005, _[signature]_ personally appeared known to me, or proved to me on the basis of satisfactory evidence to be the one whose appellation is subscribed to within this instrument.

Witness my hand and official seal: _[signature]_

LISA GARZA
MY COMMISSION EXPIRES
December 13, 2006

Signature of Notary Public

My Commission Expires: _12-13-06_

FOIA # 3-3
26 USC 6331 (a), IRS Levy Authority

Page 2 of 2
Notary Acknowledgement on page two

**Internal Revenue Service, Treasury** §301.6331–1

does not suspend the periods of limitation.

Q–H2. Is a decision of Appeals resulting from a retained jurisdiction hearing appealable to the Tax Court or a district court?

A–H2. No. As discussed in A–H1, a taxpayer is entitled to only one CDP hearing under section 6330 with respect to the tax and tax period or periods specified in the CDP Notice. Only determinations resulting from CDP hearings are appealable to the Tax Court or a district court.

(i) *Equivalent hearing*—(1) *In general.* A taxpayer who fails to make a timely request for a CDP hearing is not entitled to a CDP hearing. Such a taxpayer may nevertheless request an administrative hearing with Appeals, which is referred to herein as an "equivalent hearing." The equivalent hearing will be held by Appeals and generally will follow Appeals procedures for a CDP hearing. Appeals will not, however, issue a Notice of Determination. Under such circumstances, Appeals will issue a Decision Letter.

(2) *Questions and answers.* The questions and answers illustrate the provisions of this paragraph (i) as follows:

Q–I1. What issues will Appeals consider at an equivalent hearing?

A–I1. In an equivalent hearing, Appeals will consider the same issues that it would have considered at a CDP hearing on the same matter.

Q–I2. Are the periods of limitation under sections 6502, 6531, and 6532 suspended if the taxpayer does not timely request a CDP hearing and is subsequently given an equivalent hearing?

A–I2. No. The suspension period provided for in section 6330(e) relates only to hearings requested within the 30-day period that commences the day following the date of the pre-levy or post-levy CDP Notice, that is, CDP hearings.

Q–I3. Will collection action be suspended if a taxpayer requests and receives an equivalent hearing?

A–I3. Collection action is not required to be suspended. Accordingly, the decision to take collection action during the pendency of an equivalent hearing will be determined on a case-by-case basis. Appeals may request the IRS office with responsibility for collecting the taxes to suspend all or some collection action or to take other appropriate action if it determines that such action is appropriate or necessary under the circumstances.

Q–I4. What will the Decision Letter state?

A–I4. The Decision Letter will generally contain the same information as a Notice of Determination.

Q–I5. Will a taxpayer be able to obtain court review of a decision made by Appeals with respect to an equivalent hearing?

A–I5. Section 6330 does not authorize a taxpayer to appeal the decision of Appeals with respect to an equivalent hearing. A taxpayer may under certain circumstances be able to seek Tax Court review of Appeals' denial of relief under section 6015. Such review must be sought within 90 days of the issuance of Appeals' determination on those issues, as provided by section 6015(e).

(j) *Effective date.* This section is applicable with respect to any levy which occurs on or after January 19, 1999.

[T.D. 8980, 67 FR 2551, Jan. 18, 2002]

**§301.6331–1 Levy and distraint.**

(a) *Authority to levy*—(1) *In general.* If any person liable to pay any tax neglects or refuses to pay the tax within 10 days after notice and demand, the district director to whom the assessment is charged (or, upon his request, any other district director) may proceed to collect the tax by levy. The district director may levy upon any property, or rights to property, whether real or personal, tangible or intangible, belonging to the taxpayer. The district director may also levy upon property with respect to which there is a lien provided by section 6321 or 6324 for the payment of the tax. For exemption of certain property from levy, see section 6334 and the regulations thereunder. As used in section 6331 and this section, the term "tax" includes any interest, additional amount, addition to tax, or assessable penalty, together with costs and expenses. Property subject to a Federal tax lien which has been sold or otherwise transferred by the taxpayer may be seized while in the hands of the transferee or any subsequent transferee. However, see provisions under

277

EXHIBIT  PAGE  of
A  1  2

**§ 301.6331-1**  26 CFR Ch. I (4-1-03 Edition)

sections 6323 and 6324 (a)(2) and (b) for protection of certain transferees against a Federal tax lien. Levy may be made by serving a notice of levy on any person in possession of, or obligated with respect to, property or rights to property subject to levy, including receivables, bank accounts, evidences of debt, securities, and salaries, wages, commissions, or other compensation. A levy on a bank reaches any interest that accrues on the taxpayer's balance under the terms of the bank's agreement with the depositor during the 21-day holding period provided for in section 6332(c). Except as provided in §301.6331-1(b)(1) with regard to a levy on salary or wages, a levy extends only to property possessed and obligations which exist at the time of the levy. Obligations exist when the liability of the obligor is fixed and determinable although the right to receive payment thereof may be deferred until a later date. For example, if on the first day of the month a delinquent taxpayer sold personal property subject to an agreement that the buyer remit the purchase price on the last day of the month, a levy made on the buyer on the 10th day of the month would reach the amount due on the sale, although the buyer need not satisfy the levy by paying over the amount to the district director until the last day of the month. Similarly, a levy only reaches property in the possession of the person levied upon at the time the levy is made together with interest that accrues during the 21-day holding period provided for in section 6332(c). For example, a levy made on a bank with respect to the account of a delinquent taxpayer is satisfied if the bank surrenders the amount of the taxpayer's balance at the time the levy is made. The levy has no effect upon any subsequent deposit made in the bank by the taxpayer. Subsequent deposits may be reached only by a subsequent levy on the bank.

(2) *Jeopardy cases.* If the district director finds that the collection of any tax is in jeopardy, he or she may make notice and demand for immediate payment of such tax and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in section 6331(a), the 30-day period provided in section 6331(d), or the limitation on levy provided in section 6331(g)(1).

(3) *Bankruptcy or receivership cases.* During a bankruptcy proceeding or a receivership proceeding in either a Federal or a State court, the assets of the taxpayer are in general under the control of the court in which such proceeding is pending. Taxes cannot be collected by levy upon assets in the custody of a court, whether or not such custody is incident to a bankruptcy or receivership proceeding, except where the proceeding has progressed to such a point that the levy would not interfere with the work of the court or where the court grants permission to levy. Any assets which under applicable provisions of law are not under the control of the court may be levied upon, for example, property exempt from court custody under State law or the bankrupt's earnings and property acquired after the date of bankruptcy. However, levy upon such property is not mandatory and the Government may rely upon payment of taxes in the proceeding.

(4) *Certain types of compensation*— (i) *Federal employees.* Levy may be made upon the salary or wages of any officer or employee (including members of the Armed Forces), or elected or appointed official, of the United States, the District of Columbia, or any agency or instrumentality of either, by serving a notice of levy on the employer of the delinquent taxpayer. As used in this subdivision, the term "employer" means (a) the officer or employee of the United States, the District of Columbia, or of the agency or instrumentality of the United States or the District of Columbia, who has control of the payment of the wages, or (b) any other officer or employee designated by the head of the branch, department, agency, or instrumentality of the United States or of the District of Columbia as the party upon whom service of the notice of levy may be made. If the head of such branch, department, agency or instrumentality designates an officer or employee other than one who has control of the payment of the wages, as the party upon whom service of the notice of levy may be made, such

