Exhibit 25

# FREEDOM OF INFORMATION ACT REQUEST

Requestor: Rene H Hinojosa
P.O. Box 756
Rio Hondo, TX 78583

March 3, 2005

IRS FOIA Request
Austin Disclosure Office
M/S 7000 AUS 300 East 8th St Room 480
Austin, TX 78701

Certificate of Mailing No. 8213-00-3009

Re: Treasury Account No. 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

Dear Disclosure Officer:

This is a Freedom of Information Act / Privacy Act request made under authority of 5 USC 552 and 26 CFR 601.702(f). If the requested documents are classified, please redact classified sections then send portions that are not redacted, together with a detailed explanation of why they have been classified. If the requested documents are not kept at the service center referenced above, please forward this request to the office where they are located as required per House Report 105-37 of the 105th Congress:

If any of the requested documents are exempt from release, please furnish Requester with those portions reasonably segregative. Requester is waiving inspection of the requested records.

Requester is attesting under the penalty of perjury that Requester is a category (E) requester.

This request pertains to the years 1994 through 2004.

## THIS IS A REQUEST FOR DOCUMENTS:

**Please send Requester** copies of all documents maintained in the system of records identified as Acquired Property Records – Treasury/IRS 26.001, which pertains to Requester with the assigned Treasury Account number 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. (See Exhibit A)

"A Requester is *not* required to identify the *specific system of records* that contain the information – being sought. It is sufficient to identify the *agency that has the records*. Using information provided by the Requester, the agency will determine the *system of records* that *has the files* that have been requested." _**You have Requestor's promise to pay up to fifty ($50) dollars for all documents beyond those provided free. If the estimated cost exceeds fifty ($50) dollars, please notify Requestor in writing.**_

Notice is hereby given that if the IRS fails to produce any of the requested documents within thirty (30) days of this request, failure to do so shall be construed as prima facie evidence that the IRS is unable to do so and shall create the legal presumption that the requested documents do not exist. If an extension of time is required to complete this request, please notify this Requestor in writing of this requirement.

FOIA # 3-9
IRS 26.001 Acquired Property Records

Page 1 of 2
Notary Acknowledgement on page two

You are also cautioned that pursuant to that Internal Revenue Service Restructuring and Reform Act (Section 1203, P.L. 105-206), you are required to comply with the Internal Revenue Code, the Internal Revenue Manual, Treasury Regulations, and all other Internal Revenue Service policies and procedures. If you fail to comply, you may be personally liable for civil and/or criminal prosecution under 26 USC 7214(a) and 26 USC 7433.

I understand the penalties provided in 5 USC 552(a)(I)(3) for requesting or obtaining access to records under false pretenses.

Signature of Requester, _Rene A. Simpson_

County of _Cameron_ )
) ss
State of _Texas_ )

On this _5_ day of _April_, 2005, _Rene A. Simpson_ personally appeared known to me, or proved to me on the basis of satisfactory evidence to be the one whose appellation is subscribed to within this instrument.

Witness my hand and official seal:

LISA GARZA
MY COMMISSION EXPIRES
December 13, 2006

_Signature of Notary Public_

My Commission Expires: _12-13-06_

appear not to have declared all taxable income paid to them in the tax year under study.

**ROUTINE USES OF RECORDS MAINTAINED IN THE SYSTEM, INCLUDING CATEGORIES OF USERS AND THE PURPOSE OF SUCH USES:**

Disclosure of returns and return information may be made only as provided by 26 U.S.C. 6103.

**POLICIES AND PRACTICES FOR STORING, RETRIEVING, ACCESSING, RETAINING, AND DISPOSING OF RECORDS IN THE SYSTEM:**

**STORAGE:**

Magnetic media.

**RETRIEVABILITY:**

By matching social security number and name control.

**SAFEGUARDS:**

Access controls will not be less than those provided by the Automated Information System Security Handbook, IRM 2(10)00.

**RETENTION AND DISPOSAL:**

Records are maintained in accordance with Records Disposition Handbooks, IRM 1.15.2.1 through IRM 1.15.2.31. Generally, records are retained for one year and then magnetically erased.

**SYSTEM MANAGER(S) AND ADDRESS:**

Official prescribing policies and practices—Executive Officer for Customer Service, National Office. Officials maintaining the system—Internal Revenue Service Center/Campus Directors. (See IRS appendix A for addresses.)

**NOTIFICATION PROCEDURE:**

This system of records may not be accessed for purposes of determining if the system contains a record pertaining to a particular individual.

**RECORD ACCESS PROCEDURES:**

This system of records may not be accessed for purpose of inspection or for contest of content of records.

**CONTESTING RECORD PROCEDURES:**

26 U.S.C. 7852(e) prohibits Privacy Act amendment of tax records.

**RECORD SOURCE CATEGORIES:**

Information returns filed by payers and Forms 1040, 1040A, and 1040EZ.

**EXEMPTIONS CLAIMED FOR THE SYSTEM:**

This system has been designated as exempt from certain provisions of the Privacy Act.

**Treasury/IRS 24.070**

**SYSTEM NAME:**

Debtor Master File (DMF)—Treasury/IRS.

**SYSTEM LOCATION:**

Martinsburg Computing Center, Martinsburg, West Virginia 25401.

**CATEGORIES OF INDIVIDUALS COVERED BY THE SYSTEM:**

Individuals who have delinquent obligations to a Federal or State agency.

**CATEGORIES OF RECORDS IN THE SYSTEM:**

Entity records (names and social security numbers), the amount owed by the individual, the name of the Federal or State agency to whom the debt is owed and a cross-reference number (SSN) of the spouse in the case of a jointly filed return.

**AUTHORITY FOR MAINTENANCE OF THE SYSTEM:**

5 U.S.C. 301; 26 U.S.C. 6305, 6402(c) and 6402(d); 31 U.S.C. 3720A.

**ROUTINE USES OF RECORDS MAINTAINED IN THE SYSTEM, INCLUDING CATEGORIES OF USERS AND THE PURPOSES OF SUCH USES:**

Disclosure of returns and return information may be made only as provided by 26 U.S.C. 6103.

**POLICIES AND PROCEDURES FOR STORING, RETRIEVING, ACCESSING, RETAINING, AND DISPOSING OF RECORDS IN THE SYSTEM:**

**STORAGE:**

Magnetic tape and disk file.

**RETRIEVABILITY:**

By name, address, and social security number.

**SAFEGUARDS:**

Access controls will not be less than those provided by the Automated Information System Security Handbook, IRM 2(10)00.

**RETENTION AND DISPOSAL:**

The information is kept for one year and then destroyed. A new Debtor Master File is established each year.

**SYSTEM MANAGER(S) AND ADDRESS:**

Officials prescribing policies and practices—Commissioner (Wage and Investment and Small Business Self Employed) and Commissioner (Information Systems Management). Officials maintaining the system—Director, Submission Processing Division. (See IRS appendix A for addresses.)

**NOTIFICATION PROCEDURE:**

Individuals seeking to determine if this system of records contains a record pertaining to themselves may inquire in accordance with instructions appearing at 31 CFR part I, subpart C, appendix B. Inquiries should be addressed as in "Record access procedures" below.

**RECORD ACCESS PROCEDURES:**

Individuals seeking access to any record contained in this system of records may inquire in accordance with instructions appearing at 31 CFR part 1, subpart C, appendix B. Inquiries should be addressed to the Area Director or the Internal Revenue Service Center Director servicing the area in which the individual resides. (See IRS appendix A for addresses.)

**CONTESTING RECORD PROCEDURES:**

Individuals seeking to contest any record contained in this system of records must contact the agency to whom the debt is owed.

**RECORD SOURCE CATEGORIES:**

Names, SSNs, and obligation amounts are supplied by the Federal or state agency to whom the delinquent obligation is owed.

**EXEMPTIONS CLAIMED FOR THE SYSTEM:**

None.

**Treasury/IRS 26.001**

**SYSTEM NAME:**

Acquired Property Records-Treasury/IRS.

**SYSTEM LOCATION:**

Area Offices. (See IRS appendix A for addresses.)

**CATEGORIES OF INDIVIDUALS COVERED BY THE SYSTEM:**

Delinquent taxpayers whose property has been acquired by purchase by government or right of redemption.

**CATEGORIES OF RECORDS IN THE SYSTEM:**

Taxpayer name, address, taxpayer identification number, revenue officer reports.

**AUTHORITY FOR MAINTENANCE OF THE SYSTEM:**

5 U.S.C. 301; 26 U.S.C. 7801 and 7802.

**PURPOSE(S):**

The system tracks property acquired under Internal Revenue Code section 6334 to provide fiscal accountability.

**ROUTINE USES OF RECORDS MAINTAINED IN THE SYSTEM, INCLUDING CATEGORIES OF USERS AND THE PURPOSES OF SUCH USES:**

Disclosure of returns and return information may be made only as provided by 26 U.S.C. 6103.

**POLICIES AND PROCEDURES FOR STORING, RETRIEVING, ACCESSING, RETAINING, AND DISPOSING OF RECORDS IN THE SYSTEM:**

**STORAGE:**

Paper records and magnetic media.

**RETRIEVABILITY:**

By taxpayer name, taxpayer identification number (social security

(20) Director, Martinsburg Computing Center; and Director, Office of Disclosure, are authorized to disclose or, in specific instances, to authorize the disclosure of return information from the Information Returns Master File under a contractual agreement entered into pursuant to Delegation Order No. 100, as revised, and the applicable Revenue Procedure to Federal, State, and local agencies administering certain welfare programs, subject to the conditions of IRC 6103(1)(7). Such contractual agreements may be entered into only after coordination with the Office of Disclosure. The authority in this paragraph may be redelegated to any supervisory level deemed appropriate, but only by the officials named above.

(21) The Assistant Commissioner (Returns Processing) and the Director, Office of Disclosure, are authorized to disclose or, in specific instances, to authorize the disclosure of available filing status and taxpayer identity information from the Individual Master File to the Commissioner of Social Security under a contractual agreement entered into pursuant to Delegation Order No. 100, as revised, and subject to the conditions of IRC 6103(1)(12). Such contractual agreements may be entered into only after coordination with the Office of Disclosure. The authority in this paragraph may be redelegated only to the Director, Returns Processing and Accounting Division.

(22) Delegation Order No. 156 (Rev. 13) and Chief Counsel Directives Manual (30)330, effective February 22, 1991, are superseded.

/s/ David G. Blattner
Chief Operations Officer

**Order No. 157 (Rev. 6)**
Effective Date: 4–25–94



### Seizure and Forfeiture of Personal Property

(1) Pursuant to the authority granted to the Commissioner of Internal Revenue by 26 C.F.R. §§ 403.1 through 403.65, I.R.C. § 7325 and Treasury Department Order No. 150–10,

(a) Special Agents and Inspectors are authorized:

1. to seize personal property for forfeiture to the United States when involved, used, or intended to be used, in violation of the internal revenue laws other than Chapters 51, 52, and 53 of the Internal Revenue Code of 1954;

2. to estimate the value of seized personal property, and if valued at $100,000 or less ($2,500 or less for property seized prior to October 22, 1986), to cause a list to be prepared and appraisal to be obtained and to attest such list and appraisement, and to publish notice; and

3. to cause notice of sale to be placed in accordance with 26 C.F.R. § 403.55 and to readvertise the property, when necessary, in accordance with 26 C.F.R. § 403.57.

(b) The Assistant Commissioner (International), District Directors, and Regional Inspectors are authorized:

1. to make the determinations concerning type and conditions of cost bonds as provided in 26 C.F.R. § 403.27;

| EXHIBIT | PAGE | of |
|---------|------|-----|
| A | 2 | 4 |

| | |
|---|---|
| 92 (Rev. 14) | Procurement of Training Using Standard Form (SF)-182, Request, Authorization, Agreement and Certification of Training |
| 93 (Rev. 10) | Aggregations |
| 95 (Rev. 14) | Authority to Authorize or Approve Travel, Travel Advances, Transportation Services and to Approve Travel Vouchers |
| 96 (Rev. 13) | Application of Rulings without Retroactive Effect |
| 100 (Rev. 11) | Furnishing Special Statistical Studies, Compilations, Return and Return Information, Training, and Training Aids |
| 102 (Rev. 9) | Delegation of Authority in Labor-Management Relations Matters |
| 103 (Rev. 11) | Premium Pay for Administratively Uncontrollable Overtime |
| 104 (Rev. 14) | Absence and Charges to Leave |
| 105 (Rev. 10) | Engage in Outside Employment, Business, and Other Activities |
| 106 (Rev. 16) | Delegation of Procurement Authority |
| 107 (Rev. 8) | Authority to Determine that Certain "Savings Institutions" do not intend to Avoid Taxes by Paying Dividends or Interest for Periods Representing More than 12 Months |
| 110 (Rev. 9) | Requests for Waivers of Claims Against Present or Former IRS Employees for Erroneous Payments of Pay and Allowances and Travel, Transportation, and Relocation Expenses and Allowances |
| 111 (Rev. 13) | Agency Collection Action |
| 112 (Rev. 11) | Employee Plans Determination and Revocation Letters; Prohibited Transactions; Amendment of Employee Plans; and Examination Reports |
| | 112a -- Issuance of Determination Letters relating to Employee Plans |
| | 112b -- Issuance of Revocation Letters relating to Employee Plans |
| | 112c -- Revocation of Exemption of Certain Governmental Plans or Church Plans that have engaged in Prohibited Transactions |
| | 112d -- Amendment of Employee Plans after the Expiration of the Remedial Amendment Period |
| | 112e -- Issuance of Examination Reports |
| 113 (Rev. 14) | Authority to Issue Exempt Organization Determination Letters |
| 114 (Rev. 12) | Designation to Act as "Competent Authority" Under Tax Treaties and Tax Information Exchange Agreements |
| 115 (Rev. 10) | Audit and Settlement of Accountable Officer's Accounts--Revenue Accounting |
| 116 (Rev. 7) | Delegation of Authority to Grant Extensions of Time to File Income and Estate Tax Returns |
| 122 (Rev. 4) | Assignment of Personnel Under Intergovernmental Personnel Act |
| 125 (Rev. 5) | Settlement of Accounts and Relief of Accountable Officers |
| 130 (Rev. 3) | Authority to Execute and Terminate Average Weight Agreements |
| 133 (Rev. 8) | Authority to Perform Operating Functions Relating to Personnel Security |
| 134 (Rev. 2) | Authority to Discharge an Executor From Personal Liability for Certain Income, Estate and Gift Taxes and to Issue Estate Tax Closing Letters |
| 136 (Rev. 6) | Authority to Sign Agreements Under Revenue Procedure 74-6 With Respect to Exercise by Trustee of Administrative and Investment Powers |
| 137 (Rev. 3) | Church Tax Inquiries and Examinations |
| 139 (Rev. 7) | Authority to Extend the Correction Period and the Allowable Distribution Period Relating to Private Foundation Matters |
| 143 (Rev. 6) | Authority to Perform Certain Functions to Enforce 31 CFR 103 |
| 144 (Rev. 3) | Issuance of Transfer Certificates in Certain Estate Tax Cases |
| 152 (Rev. 4) | Collections from Employees of the Internal Revenue Service |
| 153 (Rev. 2) | Foreign Produced Crude Oil |
| 154 (Rev. 10) | Reports of Refunds and Credits to the Joint Committee on Taxation |
| 155 (Rev. 4) | Recommendation Letters to the Department of Justice Concerning Settlement Offers Covering Persons or Periods Not in Suit |
| 156 (Rev. 17) | Chief Counsel Directives Manual (30)30 -- Authority to Permit Disclosure of Tax Information and to Permit Testimony or the Production of Documents |
| 157 (Rev. 7) | Seizure and Forfeiture of Personal Property |
| 158 (Rev. 2) | Seizure and Forfeiture of Property under the Money Laundering Control Act of 1986 and the Bank Secrecy Act |
| | Requests for Variance from Minimum Funding Standards or Waiver of |

| EXHIBIT | PAGE | of |
|---|---|---|
| A | 1 | 4 |