# FREEDOM OF INFORMATION ACT REQUEST

Requestor: Rene H Hinojosa
P.O. Box 756
Rio Hondo, TX 78583

March 6, 2005

National Office of Disclosure
SE:S:MS:C&L:GLD:D:F:, Rm. 1571/IR
1111 Constitution Ave NW
Washington, D.C. 20224

Certificate of Mailing No. 8213-01-4001

Re: Treasury Account No. 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

Dear Disclosure Officer:

This is a Freedom of Information Act / Privacy Act request made under authority of 5 USC 552 and 26 CFR 601.702(f). If the requested documents are classified, please redact classified sections then send portions that are not redacted, together with a detailed explanation of why they have been classified. If the requested documents are not kept at the service center referenced above, please forward this request to the office where they are located as required per House Report 105-37 of the 105th Congress:

If any of the requested documents are exempt from release, please furnish Requestor with those portions reasonably segregative. Requestor is waiving inspection of the requested records.

Requestor is attesting under the penalty of perjury that Requestor is a category (E) requester.

This request pertains to the years 1994 through 2004.

**THIS IS A REQUEST FOR DOCUMENTS:**

8.  **Please send Requester** a copy of all documents available on **Pedro Suarez**, identified as an Internal Revenue Service, Revenue Officer, ID number **74-20160**, with the location **320 N. Main St., Stop 5370 MCA, McAllen, TX 78501**, pursuant to 5 CFR 293.311 as provided in Exhibit A.

9.  **Please send Requester** a copy of the documentation that shows the above employee's position as of January 1, 1994 to present with the Internal Revenue Service.

10. **Please send Requester** a copy of the documentation that provides the GS Level of Pedro Suarez.

11. **Please send Requester** a copy of Pedro Suarez's job description and Appointment Affidavit. (See Exhibit B)

12. **Please send Requester** a copy of the letter of authority for the individual who is named and/or signed the notice as provided in Exhibit A and number one (1) of this request.

FOIA # 4-1
National Disclosure Office, Government Employee Records

Page 1 of 2
Notary Acknowledgement on page two

13. **Please send Requester** a copy of the delegation of authority order for Pedro Suarez, up to and including the District/Area Director with a copy of the Appointment Affidavit. (See Exhibit C)

14. **Please send Requester** a copy of all documents indicating present and past annual salary rates (*including performance awards or bonuses, incentive awards, merit amounts, Meritorious or Distinguished Executive Ranks*) and any other documents relative to the individual name as provided in Exhibit A and number one (1) of this request.

"A Requester is *not* required to identify the *specific system of records* that contain the information – being sought. It is sufficient to identify the *agency that has the records*. Using information provided by the Requester, the agency will determine the *system of records* that *has the files* that have been requested." **You have Requestor's promise to pay up to fifty ($50) dollars for all documents beyond those provided free. If the estimated cost exceeds fifty ($50) dollars, please notify Requestor in writing.**

Notice is hereby given that if the IRS fails to produce any of the requested documents within thirty (30) days of this request, failure to do so shall be construed as prima facie evidence that the IRS is unable to do so and shall create the legal presumption that the requested documents do not exist. If an extension of time is required to complete this request, please notify this Requestor in writing of this requirement.

You are also cautioned that pursuant to that Internal Revenue Service Restructuring and Reform Act (Section 1203, P.L. 105-206), you are required to comply with the Internal Revenue Code, the Internal Revenue Manual, Treasury Regulations, and all other Internal Revenue Service policies and procedures. If you fail to comply, you may be personally liable for civil and/or criminal prosecution under 26 USC 7214(a) and 26 USC 7433.

I understand the penalties provided in 5 USC 552(a)(I)(3) for requesting or obtaining access to records under false pretenses.

Signature of Requestor _/s/ Rene A. Hinojosa_

County of _Cameron_  )
                     ) ss
State of _Texas_     )

On this _2_ day of _May_, 2004, _Rene A. Hinojosa_ personally appeared known to me, or proved to me on the basis of satisfactory evidence to be the one whose appellation is subscribed to within this instrument.

Witness my hand and official seal:

[Notary Seal: LISA GARZA, MY COMMISSION EXPIRES December 13, 2006]

Signature of Notary Public

My Commission Expires: _12-13-06_

Office of Personnel Management §293.311

records from the OPF before it is transferred to another agency. For these and also for temporary records of their current employees, maintenance of the records shall be in accordance with General Records Schedule 1, promulgated by the General Services Administration.

§ 293.309 Reconstruction of lost OPFs.

Agencies will take necessary precautions to safeguard all OPFs. In the event of a lost or destroyed OPF, the current (or last, in the case of a former Federal employee) employing agency shall take the necessary action to reconstruct the essential portions of the OPF as specified in the Guide to Personnel Recordkeeping or other Office instructions.

[50 FR 3309, Jan. 24, 1985, as amended at 66 FR 56709, Dec. 27, 2001]

§ 293.310 Response to requests for information.

The Office, or an agency in physical possession of an OPF in response to a third party Freedom of Information Act (FOIA) request may disclose information as provided in this subpart. A current employee's request for access to his/her own OPF (also included are employee performance file system folders and files) that cites the FOIA, as with all stated Privacy Act requests made by current employees, shall be processed in accordance with agency Privacy Act procedures consistent with Office regulations in part 297 of this chapter. All requests for their OPFs from former employees, and FOIA requests for former employee OPFs, shall be referred to the Office's regional or area office nearest to the location of the requester.

§ 293.311 Availability of information.

(a) The following information from both the OPF and employee performance file system folders, their automated equivalent records, and from other personnel record files that constitute an agency record within the meaning of the FOIA and which are under the control of the Office, about most present and former Federal employees, is available to the public:
(1) Name;
(2) Present and past position titles and occupational series;
(3) Present and past grades;
(4) Present and past annual salary rates (including performance awards or bonuses, incentive awards, merit pay amount, Meritorious or Distinguished Executive Ranks, and allowances and differentials);
(5) Present and past duty stations (includes room numbers, shop designations, or other identifying information regarding buildings or places of employment); and
(6) Position descriptions, identification of job elements, and those performance standards (but not actual performance appraisals) that the release of which would not interfere with law enforcement programs or severely inhibit agency effectiveness. Performance elements and standards (or work expectations) may be withheld when they are so intertwined with performance appraisals that their disclosure would reveal an individual's performance appraisal.

(b) The Office or agency will generally not disclose information where the data sought is a list of names, present or past position titles, grades, salaries, performance standards, and/or duty stations of Federal employees which, as determined by the official responsible for custody of the information:
(1) Is selected in such a way that would reveal more about the employee on whom information is sought than the six enumerated items, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; or
(2) Would otherwise be protected from mandatory disclosure under an exemption of the FOIA.

(c) In addition to the information described in paragraph (a) of this section, a Government official may provide other information from these records (or automated equivalents) of an employee, to others outside of the agency, under a summons, warrant, subpoena, or other legal process; as provided by the Privacy Act (5 U.S.C. 552a(b)(4) through (b)(11)), under those Privacy Act routine uses promulgated by the Office, and as required by the FOIA.

| EXHIBIT | PAGE | of |
|---------|------|-----|
| B | 1 | 1 |

STANDARD FORM 61
Revised June 1986
U.S. Office of Personnel Management
FPM Chapter 296

# APPOINTMENT AFFIDAVITS

_____Director_____           October 1, 1993
(Position to which appointed)          (Date of appointment)

___Treasury___        ___ATF___        ___Washington, DC___
(Department or agency)   (Bureau or Division)   (Place of employment)

I, _____John W. Magaw_____, do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

_____/s/ John W. Magaw_____
(Signature of appointee)

Subscribed and sworn (or affirmed) before me this __1st__ day of __October__, 1993

at ___Washington___               ___DC___
        (City)                        (State)

[SEAL]
                           _____/s/_____
                           (Signature of officer)

Commission expires _____
(If by a Notary Public, the date of expiration of his/her
Commission should be shown)

                           Assistant Secretary (Enforcement)
                                    (Title)

NOTE.—The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavit.

U.S. GOVERNMENT PRINTING OFFICE : 1991 O - XXX-010

"Master File Copy" 40
DO NOT REMOVE

| INTERNAL REVENUE SERVICE Midstates Region | ORDER NO. DO-ACK-12 |
|---|---|
| DELEGATION ORDER | OFFICE: Arkansas-Oklahoma District |

SUBJECT:

Authority To Require Records Be Kept

| AUTHORITY FOR DELEGATION: Treasury Regulation Section 1.6001-1(d) Internal Revenue Manual 4271.23 | DATE OF ISSUE: APR 25 1996 | EFFECTIVE DATE: APR 25 . |
|---|---|---|

The following are authorized to require any person, by notice served upon him/her, to keep such records sufficient to determine whether or not such person is liable for tax under the Internal Revenue Code.

Chief, Examination Division
Chief, Planning and Measurement Branch

K. J. Sawyer
District Director

| EXHIBIT | PAGE | of |
|---|---|---|
| C | 1 | 1 |

| EFFECT ON OTHER DOCUMENTS: Supersedes DO-OKC-38, Rev. 6, and DO-LR-53, Rev. 8 | REDELEGATION: ☒ Authority may not be redelegated. ☐ Authority may be redelegated as specified in text. |
|---|---|

DISTRIBUTION:   Chief, Compliance Officer - MSRO      District Director
                Chief, Examination Division
                Chief, Planning and Measurement Branch

5. This Order supersedes Delegation Order No. 192, (Rev. 5) effective October 4, 1990.

/s/ John D. Johnson
Chief Financial Officer

### Order No. 193 (Rev. 5)

Effective Date: 8-29-96

**Authorization to Perform Functions of the Commissioner**

**Authority:** To perform any function the Commissioner is authorized to perform.

**Delegated to:** Deputy Commissioner

**Authority:** To perform only those functions the Commissioner is authorized to perform which arise out of, relate to, or concern the respective activities or functions administered by the delegated officials.

**Delegated to:** Associate Commissioner for Modernization and chief officers. Each of these officials will exercise this authority in his or her own capacity and under his or her own title and is responsible for referring matters to the Commissioner for action when appropriate.

**Redelegation:** The authority in this order may not be redelegated.

**Source of Authority:** Treasury Order No. 150-10.

This order supersedes Delegation Order No. 193 (Rev. 4), effective December 14, 1994.

/s/ Michael P. Dolan
for Margaret M. Richardson
Commissioner

### Order No. 194

Effective Date: 3-5-91
**(Revoked)**

/s/ Lawrence B. Gibbs
Commissioner

### Order No. 195

Effective Date: 10-31-87
**(Revoked)**

/s/ Roscoe L. Egger, Jr.
Commissioner

### Order No. 196 (Rev. 1)

Effective Date: 10-4-90

**Delegation of Authority to File Tax Liens**

The authority vested in the Commissioner of Internal Revenue by Treasury Order 150-10, and 26 CFR 301.6323(f)-(1) to file tax liens is hereby delegated to the Chief, Collection Branch in the Compliance Division, Service Center and to the Chief, Collection Division in the Austin Compliance Center.

This authority may be redelegated only to GS-9 and above Collection Branch personnel in either the GS-1169 series or in supervisory positions.

This order supersedes Delegation Order No. 196, effective June 28, 1982.

/s/ Charles H. Brennan
Deputy Commissioner (Operations)

### Order No. 197

Effective Date: 9-8-96
**(Revoked)**

/s/ Michael P. Dolan
Deputy Commissioner

### Order No. 198 (Rev. 4)

Effective Date: 5-20-97

**Seal of the Office of the Internal Revenue Service and Certification to the Authenticity of Official Documents**

**Authority:** To affix the official seal of office to any certificate, or attestation required to be made by the officer for whose office such seal is established in authentication of originals and copies of books, records, papers, writings, and documents of the Internal Revenue Service in the custody of such officer, for all purposes, including the purpose of 28 U.S.C. 1733(b), Rule 44 of the Federal Rules of Civil Procedure, and Rule 27 of the Federal Rules of Criminal Procedural. This authority does not extend to affixing the seal to material to be published in the Federal Register and affixing the seal of the District Director or Assistant

*[handwritten: EXHIBIT A2]*