# FREEDOM OF INFORMATION ACT REQUEST

Requester: Rene H Hinojosa
P.O. Box 756
Rio Hondo, TX 78583

March 11, 2005

FOIA/PA Unit, Tax Division
CTS-Eastern Region, DOJ
Ben Franklin Station, PO Box 227
Washington, D.C. 20044

Certificate of Mailing No. 8213-00-1005

Re: Treasury Account No. 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

Dear Disclosure Officer:

This is a Freedom of Information Act / Privacy Act request made under authority of 5 USC 552 and 26 CFR 601.702(f). If the requested documents are classified, please redact classified sections then send portions that are not redacted, together with a detailed explanation of why they have been classified. If the requested documents are not kept at the service center referenced above, please forward this request to the office where they are located as required per House Report 105-37 of the 105th Congress:

If any of the requested documents are exempt from release, please furnish Requestor with those portions reasonably segregative. Requestor is waiving inspection of the requested records.

Requestor is attesting under the penalty of perjury that Requestor is a category (E) requester.

This request pertains to the years 1994 through 2004.

**THIS IS A REQUEST FOR DOCUMENTS:**

**BACKGROUND: United States Attorney Manual – Title 6, Tax Division, Section 6-4.270 Criminal Division Responsibility** – The criminal Division has limited responsibility for the prosecution of offenses investigated by the IRS. Those offenses are: excise violations involving *liquor tax*, *narcotics*, *stamp tax*, *firearms*, *wagering*, and *coin-operated gambling* and *amusement machines*; malfeasance offenses committed by IRS personal; forcible rescue of seized property; corrupt or forcible interference with an officer or employee acting under the internal revenue laws; and unauthorized mutilation, removal or misuse of stamp. See 28 C.F.R. § 0.70. (See Exhibit A)

1. **Please send Requester** a certified copy of all documents, records and/or transcripts indicating that the Requester with the assigned Treasury Account Number 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 was, or is engaged in excise taxable activities pertaining to *liquor tax* applicable to 6-4.270 Criminal Division Responsibility of the United States Attorney's Manual. (See Exhibit A)

2. **Please send Requester** a certified copy of all documents, records and/or transcripts indicating that the Requester with the assigned Treasury Account Number 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 was, or is engaged in excise taxable activities pertaining to *narcotics* applicable to 6-4.270 Criminal Division Responsibility of the United States Attorney's Manual. (See Exhibit A)

3. **Please send Requester** a certified copy of all documents, records and/or transcripts indicating that the Requester with the assigned Treasury Account Number 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 was, or is engaged in excise taxable activities pertaining to *stamp tax* applicable to 6-4.270 Criminal Division Responsibility of the United States Attorney's Manual. (See Exhibit A)

4. **Please send Requester** a certified copy of all documents, records and/or transcripts indicating that the Requester with the assigned Treasury Account Number 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 was, or is engaged in excise taxable activities pertaining to *firearms* applicable to 6-4.270 Criminal Division Responsibility of the United States Attorney's Manual. (See Exhibit A)

5. **Please send Requester** a certified copy of all documents, records and/or transcripts indicating that the Requester with the assigned Treasury Account Number 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 was, or is engaged in excise taxable activities pertaining to *wagering* applicable to 6-4.270 Criminal Division Responsibility of the United States Attorney's Manual. (See Exhibit A)

6. **Please send Requester** a certified copy of all documents, records and/or transcripts indicating that the Requester with the assigned Treasury Account Number 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 was, or is engaged in excise taxable activities pertaining to *coin operated gambling and amusement machines* et. al. applicable to 6-4.270 Criminal Division Responsibility of the United States Attorney's Manual. (See Exhibit A)

"A Requester is *not* required to identify the *specific system of records* that contain the information sought. It is sufficient to identify the *agency that has the records*. Using information provided by the Requester, the agency will determine the *system of records* that *has the files* that have been requested." **You have Requestor's promise to pay up to fifty ($50) dollars for all documents beyond those provided free. If the estimated cost exceeds fifty ($50) dollars, please notify Requestor in writing.**

Notice is hereby given that if the IRS fails to produce any of the requested documents within thirty (30) days of this request, failure to do so shall be construed as prima facie evidence that the IRS is unable to do so and shall create the legal presumption that the requested documents do not exist. If an extension of time is required to complete this request, please notify this Requestor in writing of this requirement.

You are also cautioned that pursuant to that Internal Revenue Service Restructuring and Reform Act (Section 1203, P.L. 105-206), you are required to comply with the Internal Revenue Code, the Internal Revenue Manual, Treasury Regulations, and all other Internal Revenue Service policies and procedures. If you fail to comply, you may be personally liable for civil and/or criminal prosecution under 26 USC 7214(a) and 26 USC 7433.

I understand the penalties provided in 5 USC 552(a)(I)(3) for requesting or obtaining access to records under false pretenses.

Signature of Requester, _/s/ Rene A. Denijosa_

County of _Cameron_ )
                    ) ss
State of _Texas_    )

On this _2_ day of _May_, 2005, _/s/ Rene A. Denijosa_ personally appeared known to me, or proved to me on the basis of satisfactory evidence to be the one whose appellation is subscribed to within this instrument.

Witness my hand and official seal: _/s/_

LISA GARZA
MY COMMISSION EXPIRES
December 13, 2006

Signature of Notary Public

My Commission Expires: _12-13-06_

# Internal Revenue Manual

Part 31. Criminal Tax
Chapter 1. Organization
Section 4. Department of Justice



EXHIBIT A  PAGE 1  of 4

## 31.1.4 Department of Justice

- 31.1.4.1 General Interrelationship Between the Criminal Tax Function and the Internal Revenue Service
- 31.1.4.2 Tax Division, Department of Justice
- 31.1.4.3 Criminal Division, Department of Justice

### 31.1.4.1 (04-08-1996)
### General Interrelationship Between the Criminal Tax Function and the Internal Revenue Service

1. By Executive Order dated June 10, 1933, then President Franklin D. Roosevelt reorganized the executive branch of the Government. That Executive Order vested the authority in the Attorney General to institute criminal prosecutions for violations of the United States Code.

### 31.1.4.2 (04-08-1996)
### Tax Division, Department of Justice

1. The Tax Division was created in December 1933, and a policy was immediately instituted to require the specific authorization of the Department of Justice, as exercised by the Assistant Attorney General, Tax Division, before prosecutive action could be undertaken by United States Attorneys in tax cases. This policy continues in force today. It was dictated by the necessity for a uniform and consistent prosecution program with regard to the tax laws. As a result of the 1933 Presidential reorganization order and the ensuing delegations of authority within the Department of the Treasury and the Department of Justice, unless otherwise authorized and directed, recommendations for prosecution must be referred to the Department of Justice, by Counsel. See CCDM 31.1.1.2.

2. Tax Division. Most proposed tax prosecutions are reviewed and processed by the Criminal Sections of the Tax Division. The term "tax prosecution" includes all offenses defined in the Internal Revenue Code and such offenses defined in Title 18, United States Code, as may be investigated by agents of the Internal Revenue Service in connection with the enforcement of the Internal Revenue laws.

    A. The final decision whether to initiate prosecution is made by or on behalf of the Assistant Attorney General, Tax Division.

    B. Should a United States Attorney not desire to initiate prosecution or prosecution-related action after the Assistant Attorney General, Tax Division, has authorized such action, the Assistant Attorney General, Tax Division, determines whether to decline the case or to proceed with such action by

   directing attorneys from the Tax Division rather than the United States
   Attorney's office to handle the matter.

3. The Tax Division is divided into three geographical regions; i.e., Southern Criminal
   Enforcement Section, Northern Criminal Enforcement Section, and Western Criminal
   Enforcement Section. See CCDM Exhibit 31.4.19-4.

4. The Tax Division, Department of Justice, consistent with authority in 28 C.F.R. §
   0.70(a), also reviews and authorizes proposed judicial forfeitures under I.R.C. §§
   7301 and 7302. Referrals of proposed judicial forfeitures pursuant to I.R.C. § 7401 in
   all Code based judicial forfeitures, other than those premised on violations of the
   wagering excise provisions, must be made to the Deputy Assistant Attorney
   General, Tax Division, rather than to the United States Attorney.

### 31.1.4.3  (04-08-1996)
### Criminal Division, Department of Justice

1. The Criminal Division has limited responsibility for the prosecution of certain
   offenses investigated by the Criminal Investigation Division of the Internal Revenue
   Service. As such, certain cases are referred to the Criminal Division rather than the
   Tax Division. The jurisdiction of the Tax and Criminal Divisions of the Department of
   Justice with respect to matters referred by the Internal Revenue Service to the
   Department of Justice is set forth in several places, including 28 C.F.R. Sections
   0.55 and .70; Title 6 (Tax Division) and Title 9 (Criminal Division) of the United
   States Attorneys' Manual; and Part 9 of the Internal Revenue Manual. In deciding
   whether to refer a case, a determination must be made as to whether the basic
   subject matter is within the jurisdiction of the Tax Division or the Criminal Division.

2. The Criminal Division's authority is limited to: excise violations involving liquor tax,
   narcotics, stamp tax, firearms, wagering, and coin operated gambling and
   amusement machines; malfeasance offenses committed by Internal Revenue
   Service personnel; forcible rescue of seized property; forcible interference with an
   officer or employee acting under the internal revenue laws; and unauthorized
   mutilation, removal or misuse of stamps. With the exception of I.R.C. § 7213
   (unauthorized disclosure) violations, cases reviewed by Counsel, if any, are to be
   directly referred to the appropriate United States Attorney.



EXHIBIT A   PAGE 2   of 4

the personal attention of the Attorney General.

[Order No. 736-77, 42 FR 38177, July 27, 1977]

### § 0.69a  Delegation respecting approval of conveyances.

The Assistant Attorney General in charge of the Land and Natural Resources Division, and such members of his staff as he may specifically designate in writing, are authorized to exercise the power and authority vested in the Attorney General by the Act of June 4, 1934, 48 Stat. 836, with respect to approving the making or acceptance of conveyances by the Secretary of the Interior on behalf of the United States.

[Order No. 947-81, 46 FR 29931, June 4, 1981]

### § 0.69b  Delegation of authority respecting conveyances for public airports.

The Assistant Attorney General in charge of the Land and Natural Resources Division, and such members of his staff as he may specifically designate in writing, are authorized to exercise the power and authority vested in the Attorney General of section 516(b) of The Airport and Airway Improvement Act of 1982 (96 Stat. 671, 692) with respect to approving the performance of acts and execution of instruments necessary to make the conveyance requested in carrying out the purposes of that section, except those acts and instruments which in the opinion of the Assistant Attorney General, involve questions of policy or for any other reason require the personal attention of the Attorney General.

[Order No. 1069-84, 49 FR 39843, Oct. 11, 1984]

### § 0.69c  Litigation involving the Resource Conservation and Recovery Act.

(a) The authority to receive complaints served upon the Attorney General pursuant to section 401 of the Hazardous Waste Amendments of 1984 (Pub. L. 616, 98th Cong.; 42 U.S.C. 6872(b)(2)(F)) is hereby delegated to the Assistant Attorney General, Land and Natural Resources Division. Every plaintiff required to serve upon the Attorney General a copy of their complaint, should do so by sending a copy of the complaint, together with all attachments thereto required by the Federal Rules of Civil Procedure and the Local Rules for the Federal District Court in which the complaint if filed, via first class mail, to the Assistnt Attorney General, Land and Natural Resources Division, U.S. Department of Justice, NW., Washington, DC 20530.

(b) Services pursuant to section 401 shall be deemed effective upon the date the complaint is received by the Assistant Attorney General.

[Order No. 1099-85, 50 FR 26198, June 25, 1985]

## Subpart N—Tax Division

### § 0.70  General functions.

The following functions are assigned to and shall be conducted, handled, or supervised by, the Assistant Attorney General, Tax Division:

(a) Prosecution and defense in all courts, other than the Tax Court, of civil suits, and the handling of other matters, arising under the internal revenue laws, and litigation resulting from the taxing provisions of other Federal statutes (except civil forfeiture and civil penalty matters arising under laws relating to liquor, narcotics, gambling, and firearms assigned to the Criminal Division by § 0.55(d)).

(b) Criminal proceedings arising under the internal revenue laws, except the following: Proceedings pertaining to misconduct of Internal Revenue Service personnel, to taxes on liquor, narcotics, firearms, coin-operated gambling and amusement machines, and to wagering, forcible rescue of seized property (26 U.S.C. 7212(b)), corrupt or forcible interference with an officer or employee acting under the Internal Revenue laws (26 U.S.C. 7212(a)), unauthorized disclosure of information (26 U.S.C. 7213), and counterfeiting, mutilation, removal, or reuse of stamps (26 U.S.C. 7208).

(c)(1) Enforcement of tax liens, and mandamus, injunctions, and other special actions or general matters arising in connection with internal revenue matters.

(2) Defense of actions arising under section 2410 of title 28 of the U.S. Code whenever the United States is named as a party to an action as the result of



**Department of Justice** §0.75

the existence of a Federal tax lien, including the defense of other actions arising under section 2410, if any, involving the same property whenever a tax-lien action is pending under that section.

(d) Appellate proceedings in connection with civil and criminal cases enumerated in paragraphs (a) through (c) of this section and in §0.71, including petitions to review decisions of the Tax Court of the United States.

[Order No. 423-69, 34 FR 20388, Dec. 31, 1969, as amended by Order No. 445-70, 35 FR 19397, Dec. 23, 1970; Order No. 699-77, 42 FR 15315, Mar. 21, 1977; Order No. 960-81, 46 FR 52346, Oct. 27, 1981]

### §0.71 Delegation respecting immunity matters.

The Assistant Attorney General in charge of the Tax Division is authorized to handle matters involving the immunity of the Federal Government from State or local taxation (except actions to set aside ad valorem taxes, assessments, special assessments, and tax sales of Federal real property, and matters involving payments in lieu of taxes), as well as State or local taxation involving contractors performing contracts for or on behalf of the United States.

## Subpart O—Justice Management Division

### §0.75 Policy functions.

The Assistant Attorney General for Administration shall head the Justice Management Division and shall provide advice relating to basic Department policy for budget and financial management, program evaluation, auditing, personnel management and training, procurement, information processing and telecommunications, security and for all matters pertaining to organization, management, and administration. The following matters are assigned to, and shall be conducted, handled, or supervised by, the Assistant Attorney General for Administration:

(a) Conduct, direct, review, and evaluate management studies and surveys of the Department's organizational structure, functions, and programs, operating procedures and supporting systems, and management practices throughout the Department; and make recommendations to reduce costs and increase productivity.

(b) Supervise, direct, and review the preparation, justification and execution of the Department of Justice budget, including the coordination and control of the programming and reprogramming of funds.

(c) Review, analyze, and coordinate the Department's programs and activities to ensure that the Department's use of resources and estimates of future requirements are consistent with the policies, plans, and mission priorities of the Attorney General.

(d) Plan, direct, and coordinate Department-wide personnel management programs, and develop and issue Department-wide policy in all personnel program areas, including training, position classification and pay administration, staffing, employee performance evaluation, employee development, employee relations and services, employee recognition and incentives, equal employment opportunity programs, including the equal opportunity recruitment program (5 U.S.C. 7201), personnel program evaluation, labor management relations, adverse action hearings and appeals, employee grievances, and employee health programs.

(e) Develop and direct Department-wide financial management policies, programs, procedures, and systems including financial accounting, planning, analysis, and reporting.

(f) Supervise and direct the operation of the Department's central payroll system, automated information services, publication services, library services and any other Department-wide central services which are established by or assigned to the Justice Management Division.

(g) Formulate and administer the General Administration Appropriation of the Department's budget.

(h) Formulate Department-wide audit policies, standards and procedures; develop, direct and supervise independent and comprehensive internal audits, including examinations authorized by 28 U.S.C. 526, of all organizations, programs, and functions of the Department, and audits of expenditures made under the Department's contracts and grants to ensure compliance



EXHIBIT PAGE of
A 4 4