UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RENE HINOJOSA and DEANNA HINOJOSA,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>DEP'T OF TREASURY and INTERNAL REVENUE SERVICE,<br><br>　　　Defendants. | Civil Action No.  06-0215  (JDB) |

**MEMORANDUM OPINION**

Plaintiffs Rene H. and Deanna G. Hinojosa, proceeding pro se, filed this action against defendants the United States Department of Treasury and the Internal Revenue Service ("IRS") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et. seq., and the Privacy Act, 5 U.S.C. §§ 552a & 552a note.  Plaintiffs assert that the IRS improperly refused to produce tax records that they had requested.  Presently before the Court are the parties' cross-motions for summary judgment.  For the reasons set forth below, the Court will deny plaintiffs' motion, grant in part and deny in part defendants' motion, and require defendants to reevaluate twenty-six of plaintiffs' FOIA requests in accordance with this Memorandum Opinion.

**BACKGROUND**

The relevant facts are not in dispute.  Plaintiff Rene Hinojosa ("Hinojosa") filed a total of

1

thirty-two FOIA requests with the IRS.[1] On May 4, 2005, the IRS received twenty-six of the FOIA requests, which were dated between February 1 and March 4, 2005. Rodriguez Decl. ¶7; Pl.'s Aff. at 1, Exh. 1-27. On May 12, 2005, the IRS sent Hinojosa a letter informing him that he had failed to establish his identity in accordance with agency guidelines, rendering his requests incomplete and precluding the IRS from honoring them. Def.'s Opp'n to Pl.'s Mot. for Summ. J. at 2; Rodriguez Decl. ¶10; Exh. 27. In response, Hinojosa submitted to the IRS a renewed request dated June 10, 2005, incorporating his prior requests by reference. Attached to this submission was a form bearing his signature, home address, and a copy of his Texas driver's license. Pl.'s Aff. at 2; Exh. 29. The IRS received the renewed request on June 23, 2005 and wrote back, notifying Hinojosa that his request was still imperfect because it lacked a commitment to pay processing fees. Pl.'s Aff. at 2; Exh. 30. Each one of Hinojosa's requests, including the June 10, 2005 submission, stated: "You have Requestor's promise to pay up to fifty ($50) dollars for all documents beyond those provided free. If the estimated cost exceeds fifty ($50) dollars, please notify Requestor in writing." Exh. 29 (emphasis omitted). The record reveals no further correspondence between Hinojosa and the IRS regarding these twenty-six requests.

Three more of Hinojosa's FOIA requests - - dated March 7, 2005 and March 10-11, 2005

---

[1] Several additional requests also apparently have been made. In requests dated March 5-6, 2005, Hinojosa sought documents regarding IRS officers Jose Leal and Pedro Suarez. In separate letters dated June 6, 2005, the IRS informed Hinojosa that his requests should be directed to the proper District Disclosure Office because such records are not maintained at the IRS Headquarters, where he filed the request. Plaintiff also filed requests with the IRS Austin Disclosure Office dated February 16-18, 2005 and February 20-22, 2005. Exh. 31-36. Two more requests are dated March 12, 2005, and January 1, 2006. The IRS did not locate them in their database, and although plaintiffs include them in the Exhibits, plaintiffs never challenge the IRS's statement that a total of thirty-two requests were filed on their behalf.

- - were denied by the IRS in separate letters dated May 23, 2005, June 8, 2005, and May 13, 2005 respectively. The requests were denied because the IRS could not locate any responsive records. Pl.'s Aff. at 3-4; Rodriguez Decl. at 3; Exh. 42; Exh. 49; Exh. 51. The May 13 and May 23 letters informed Hinojosa of his right to an administrative appeal of this determination to the Co-Director of the Office of Information and Privacy at the U.S. Department of Justice, followed by judicial review of the final decision. Exh. 42; Exh. 51.

A third group of requests - - dated March 8-9, 2005 and March 13, 2005 - - were denied because the IRS determined that these documents were statutorily exempt from production. Pl.'s Aff. at 3-5. In separate letters both dated June 3, 2005, the IRS notified Hinojosa that the information he sought in his March 8 and March 13 requests was exempt from access pursuant to the Privacy Act, 5 U.S.C. § 552a(j)(2), and FOIA, 5 U.S.C. § 552(b)(7)(E). Exh. 44, Exh. 54. The IRS refused to honor the March 9, 2005 request as well, asserting that the records requested were likewise exempt from release under the Privacy Act, 5 U.S.C. § 552a(j)(2). Exh. 46. All of the letters informed Hinojosa of his right to an administrative appeal of these determinations.

Plaintiffs did not pursue any administrative appeals, instead filing this suit in which they seek to compel the IRS to produce the requested documents. Pl. Mot. for Summ. J. at 3. In response, defendants argue that plaintiffs are not entitled to judicial review in this Court because they failed to exhaust their administrative remedies. Def.'s Mot. for Summ. J. at 3.

## LEGAL STANDARDS

**A.  Summary Judgment**

Summary judgment is appropriate when the pleadings and the evidence demonstrate that

3

"there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may successfully support its motion by "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, 'which it believes demonstrate the absence of a genuine issue of material fact.'" Id. (quoting Fed. R. Civ. P. 56(c)).

In determining whether there exists a genuine issue of material fact sufficient to preclude summary judgment, the court must regard the non-movant's statements as true and accept all evidence and make all inferences in the non-movant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A non-moving party, however, must establish more than the "mere existence of a scintilla of evidence" in support of its position. Id. at 252. By pointing to the absence of evidence proffered by the non-moving party, a moving party may succeed on summary judgment. Celotex, 477 U.S. at 322. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted). Summary judgment is appropriate if the non-movant fails to offer "evidence on which the jury could reasonably find for the [non-movant]." Id. at 252.

In a FOIA case, the Court may award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations when the affidavits or declarations "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the

4

claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1973). Agency affidavits or declarations must be "relatively detailed and non-conclusory," and are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." SafeCard Services v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation and quotation marks omitted).

**B. FOIA Requests**

Under FOIA, a requester must exhaust available administrative remedies before seeking judicial review of an agency determination in federal court. Wilbur v. Cent. Intelligence Agency, 355 F.3d 675, 677 (D.C. Cir. 2004); Stebbins v. Nationwide Mutual Ins. Co., 757 F.2d 364, 366 (D.C. Cir. 1985). Exhaustion is generally required so that "the agency has the opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." Wilbur, 355 F.3d at 677 (quoting Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 61 (D.C. Cir 1990)). A requester has constructively exhausted his administrative remedies if the agency fails to respond to the request within twenty days of the receipt of the request. 5 U.S.C. § 552(a)(6)(C)(i); 31 C.F.R. § 1.5(k). Although the exhaustion-of-remedies requirement is a prudential rather than a jurisdictional consideration, the FOIA administrative scheme favors barring judicial review. Hidalgo v. Fed. Bureau of Investigation, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003); Flowers v. Internal Revenue Serv., 307 F. Supp. 2d 60, 66 (D.D.C. 2004). Compliance with both FOIA and agency requirements is necessary before an agency can release the requested documents. 5 U.S.C. § 552(a)(3)(A); 26 C.F.R. § 601.702(c)(4)(i). Only a valid request can trigger an agency's FOIA obligations, and failure to file a perfected request

constitutes failure to exhaust administrative remedies.  Flowers, 307 F. Supp. 2d at 67; Dale v. Internal Revenue Serv., 238 F. Supp. 2d 99, 103 (D.D.C. 2002).

## DISCUSSION

The primary issue before the Court is whether plaintiffs' suit must be dismissed on the ground that they failed to exhaust available administrative remedies.  Although neither plaintiffs nor defendants make this distinction, the Court will divide plaintiffs' FOIA requests into two categories for ease of analysis: (1) requests denied on the basis of FOIA and Privacy Act exemptions or because no responsive documents were found, and (2) requests deemed imperfect by the IRS.  As will be explained, the Court reaches different conclusions with respect to these two categories.[2]

**A. Requests Denied Pursuant to Statutory Exemptions or Lack of Responsive Documents**

Plaintiffs filed three FOIA requests with the IRS - - dated March 7, 2005 and March 10-11, 2005 - - that the IRS declined to honor on the ground that it had not found any responsive records.  Three additional requests, dated March 8-9, 2005 and March 13, 2005, were denied

---

[2] It is unclear from the plaintiffs' motion whether they seek summary judgment on all of the FOIA requests or on specific ones only.  Nevertheless, because pro se pleadings are held to less stringent standards than formal pleadings and should be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Jeanes v. U.S. Dep't of Justice, 357 F. Supp. 2d 119, 122 (D.D.C. 2004), the Court will construe plaintiffs' motion as seeking relief on all thirty-two FOIA requests.  In addition, the IRS's cross-motion does not make explicit whether defendants claim failure to exhaust administrative remedies with respect to just the twenty-six imperfect requests or as to all thirty-two.  To the extent that the government is not raising an exhaustion-of-remedies defense with regard to the requests denied on the basis of statutory exemptions or lack of responsive documents, the Court may do so *sua sponte*.  See, e.g., Jaeger v. United States, Civ.A. No. 06-625, 2006 WL 1518938, at *1 (D.D.C. May 26, 2006); Lindsey v. United States, --- F. Supp. 2d ---, 2006 WL 2413720, at *16 n.12 (D.D.C. Aug. 22, 2006).

because the IRS determined that the documents sought were exempt from production under the statutory provisions of FOIA and/or the Privacy Act.

IRS regulations provided plaintiffs with an avenue for administrative appeal of these adverse agency determinations.  See 26 C.F.R. § 601.702(c)(10)(i).  The IRS advised Hinojosa of his right to such an appeal at the time that it denied his requests.  The grounds for an administrative appeal are listed in agency regulations and include a right to challenge an initial decision when access to records has been denied in whole or in part, 31 C.F.R. § 1.5(i)(1)(i)(A), or when it has been determined that no responsive records exist, 31 C.F.R. § 1.5(i)(1)(i)(D).  Judicial review is available if an administrative appeal pursuant to paragraph (c)(10) fails.  26 C.F.R. § 601.702(c)(13); 31 C.F.R. § 1.5(l).  Plaintiffs do not dispute that they did not appeal the denial of their requests within the agency.  Their failure to avail themselves of the applicable administrative remedies is fatal to their claims in this Court.  See Hidalgo, 344 F.3d at 1259 (holding that plaintiff may not pursue judicial review without the benefit of agency consideration of his appeal); Perry-Torres v. U.S. Dep't of State, 404 F. Supp. 2d 140, 143 (D.D.C. 2005) (granting the defendant's motion for summary judgment because the plaintiff failed to appeal the defendant's decision to withhold embassy documents).  Because plaintiffs failed to exhaust the administrative remedies available to them in challenging the IRS's adverse determinations, defendants' motion for summary judgment is granted with respect to these six requests, and plaintiffs' cross-motion is denied as to the same requests.

**B. Requests Denied Due to Deficiencies**

The IRS also refused to honor twenty-six of Hinojosa's FOIA requests on the ground that the requests did not meet agency filing requirements.  A requesting party must comply with both

FOIA and the requirements imposed by individual agencies before the agency can release the requested documents.  See 5 U.S.C. § 552(a)(3)(A); 26 C.F.R. § 601.702(c)(4)(i); Dale, 238 F. Supp. 2d at 102.   Failure to file a perfected request constitutes failure to exhaust administrative remedies and subjects the requesting party's suit to dismissal.  See Flowers, 307 F. Supp. 2d at 67; Dale, 238 F. Supp. 2d at 103.  According to agency regulations, a determination that a FOIA request is deficient does not constitute a denial of access, and such determinations cannot be appealed within the agency.  31 C.F.R. § 1.5(f).  It follows that no administrative remedies were available to plaintiffs in challenging the IRS's refusal to process these twenty-six requests.  Accordingly, the disposition of these twenty-six FOIA requests depends on whether the IRS was correct in determining that plaintiffs' twenty-six requests did not conform to agency requirements regarding proof of identity and a firm promise to pay applicable processing fees.  If so, plaintiffs have failed to exhaust their administrative remedies, and the IRS is entitled to summary judgment.  On the other hand, if plaintiffs in fact perfected their requests with their June 10, 2005 submission, then the Court must decide what remedy, if any, to afford them.

      The Court must therefore decide whether plaintiffs' requests conformed to the requirements set forth in FOIA and the IRS regulations.  In so doing, the Court will conduct an independent review of the requests to determine their conformity with the applicable requirements.  See Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1312 (D.C. Cir. 2003) (evaluating a fee-waiver request to determine whether it satisfied the four factors set forth in the agency regulations); Maxwell v. O'Neill, Civ.A. No. 00-1953, 2002 WL 31367754, at *6-*7 (D.D.C. 2002) (holding that judicial review of the IRS's finding that a request was overly broad was appropriate because no recourse was available to the requester within the agency), aff'd sub

nom. Maxwell v. Snow, 409 F.3d 354 (D.C. Cir. 2005); Flowers, 307 F. Supp. 2d at 69 (examining the plaintiff's FOIA request to determine whether it met the IRS's basic filing requirements); Dale, 238 F. Supp. 2d at 105 (reviewing whether the plaintiff's request complied with the agency requirement of "reasonable specificity"); Kessler v. United States, 899 F. Supp. 644, 645 (D.D.C. 1995) (reviewing the plaintiff's request for records in determining that he "failed to follow the procedures set forth in the IRS regulations," and dismissing his FOIA suit for failure to exhaust administrative remedies).

The requirements under FOIA are minimal: a request need only (i) "reasonably" describe the records sought and (ii) comply with any "published rules stating the time, date, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). Pursuant to FOIA, the IRS has promulgated regulations detailing the rules and procedures that must be followed by persons requesting IRS records. Relevant here is the requirement that the requester establish his identity and right to the disclosure of the records. 26 C.F.R. § 601.702(c)(4)(i)(E). One way that persons requesting their own records may establish their identity is to submit "the requester's signature, address, and one other identifier (such as a photocopy of a valid driver's license) bearing the requester's signature." Id. § 601.702(c)(5)(iii)(A)(2). Also at issue is the requirement that "the requester state the firm agreement to pay fees associated with processing the request, but may place an upper limit for such fees that the requester is willing to pay." Id. § 601.702(4)(i)(H).

Plaintiffs were informed that twenty-six of their requests did not meet IRS requirements because they did not include proof of Rene Hinojosa's identity. Hinojosa attempted to perfect them with an additional request form submitted on June 10, 2005, which incorporated the

previous twenty-six requests by reference.[3]  As proof of his identity, he included his address, signature, and a copy of his driver's license, in accordance with the requirements of 26 C.F.R. § 601.702(c)(5)(iii)(A)(2).  In a letter dated June 22, 2005, the IRS informed Hinojosa that his June 10, 2005 submission still failed to meet agency requirements because it lacked a promise to pay search-and-duplication fees.  The letter did not address the proof-of-identity error, implicitly admitting that Hinojosa had cured it.  Nevertheless, the IRS still refused to honor Hinojosa's request on this new basis.

The IRS regulations do not specify the format that the promise to pay processing fees must take.  See 26 C.F.R. § 601.702(c)(4)(i)(H).  Each one of Hinojosa's requests, including the June 10, 2005 submission, stated: "You have Requestor's promise to pay up to fifty ($50) dollars for all documents beyond those provided free. If the estimated cost exceeds fifty ($50) dollars, please notify Requestor in writing."  An Example FOIA Letter that the IRS provides to the public on its website includes the following sentence: "I am willing to pay fees for this request up to a maximum of $XX.  If you estimate that the fees will exceed this limit, please inform me first."  See Example FOIA Letter, available at http://www.irs.gov/pub/irs-utl/irs_foia_guide.pdf#example.  According to this sample letter, a brief statement that the requester is willing to pay fees up to a given amount in the FOIA request is sufficient.  Hinojosa's promise to pay up to fifty dollars, which closely mirrors the IRS example, appears to satisfy this requirement.  Even if the sum to which Hinojosa committed was

---

[3] The IRS never told Hinojosa that he could not incorporate prior requests by reference or that each request must be corrected individually.  Nor do IRS regulations explicitly forbid this practice.  Hence, the Court will treat Hinojosa's submission as applicable to the previous twenty-six requests.

unrealistically low, the proper response by the IRS would have been to inform him that the cost of processing his request exceeded that amount, rather than deem the request deficient. See 26 C.F.R. § 601.702(f)(4)(ii).

In all but one of the other district court cases cited above that address nonconforming FOIA requests, the courts have found the request deficient on its face and have therefore concluded that the plaintiff had failed to exhaust administrative remedies. See Flowers, 307 F. Supp. 2d at 69; Dale, 238 F. Supp. 2d at 105; Kessler, 899 F. Supp. at 645.  The one exception is the decision in Maxwell.  In that case, plaintiffs sent the IRS a ten-page letter containing nineteen requests for information, many of which were blanket, generalized requests deemed "pseudorequests" under the IRS's internal guidelines.  Maxwell, 2002 WL 31367754, at *4-*5. Those same guidelines, however, instructed the IRS to distinguish portions of correspondence that "consist of hyperbole and questions" from portions that constitute valid FOIA requests.  Id. at *5 (quoting Internal Revenue Manual 11.3.13.5.2(2)).  The Maxwell court reviewed the plaintiffs' ten-page letter and identified a portion of the request that substantially complied with the IRS regulations.  Id. at *7.  The court thus directed the IRS "to process that [valid] portion of each plaintiff['s] request under its FOIA procedures and determine whether to grant or deny it." Id.

Similarly, in the case at bar, Hinojosa's corrected requests appear to satisfy all of the agency's filing requirements, including a valid proof of identity and a firm promise to pay applicable processing fees.  Because plaintiffs in fact perfected their FOIA requests, they did not, as defendants argue, fail to exhaust their administrative remedies.  Defendants' motion for summary judgment, which rests exclusively on the failure-to-exhaust theory, will accordingly be

11

denied. Moreover, as did another judge of this court in <u>Maxwell</u>, the Court concludes that the IRS must process the twenty-six requests under its standard FOIA procedures to determine whether responsive records exist, and, if so, whether those records must be produced under agency regulations and the statutory scheme.

The remaining question is whether the Court should retain jurisdiction over this case in order to assure that the IRS complies with the terms of its order. After careful consideration, the Court concludes that it should not do so. Although it has not located controlling authority on this issue from the court of appeals, the Court believes that the <u>Maxwell</u> decision again provides sound guidance, this time as a counterpoint. In the order accompanying its opinion, the <u>Maxwell</u> court required the IRS to file a status report with the court every ninety days with respect to the portion of the plaintiffs' FOIA request that the court had instructed the IRS to process. 2002 WL 31367754, at *8. After the IRS filed four such reports and explained that it had complied to the fullest extent possible with the court's order, the court entered judgment in favor of the IRS. <u>See Maxwell</u>, Civ.A. No. 00-1953, Dkt. Nos. 37, 39, 41, 44; <u>see also</u> <u>Playboy Enterprises, Inc. v. U.S. Customs Serv.</u>, 959 F. Supp. 11, 14 (D.D.C. 1997) (explaining that the court had previously retained jurisdiction over the case to decide whether the plaintiff was entitled to attorney's fees and also "to allow 'Plaintiff to move to reopen the case should Plaintiff's subsequent FOIA request[s] for information . . . relating to goods seized by [the defendant] . . . be denied'").

Unlike in <u>Maxwell</u>, however, the circumstances of the present case do not necessitate extensive, or even any, judicial supervision. Requiring the IRS to file a status report with respect to requests filed by only one set of plaintiffs - - as opposed to the more than 500 in <u>Maxwell</u> - - would not materially benefit either the plaintiffs or the Court, or serve the interest of judicial

economy.  Because the Court is ordering the IRS to process plaintiffs' twenty-six FOIA requests in accordance with its standard procedures, the next steps in this matter will occur exclusively at the agency level.  Indeed, once the IRS has granted or denied plaintiffs' requests, plaintiffs can return to this Court <u>only</u> after exhausting the available administrative appeals.  To retain jurisdiction and impose additional requirements on the IRS might unduly interfere with the FOIA process at the agency level and risk short-circuiting Congress's chosen scheme for judicial review of an executive agency's compliance with its obligations under FOIA.  The Court therefore concludes that the appropriate course is to dismiss plaintiffs' suit without prejudice.  If plaintiffs again seek judicial review of adverse agency determinations with respect to the twenty-six requests at issue, their suit should be treated as a "related case" and assigned to this Court pursuant to LCvR 40.5(a)(4) & (c).

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for summary judgment is denied, defendants' motion for summary judgment is granted in part and denied in part, and defendants will be required to reevaluate twenty-six of plaintiffs' FOIA requests in accordance with this Memorandum Opinion.  A separate order has been posted on this date.



/s/    John D. Bates
JOHN D. BATES
United States District Judge

Dated: <u>October 11, 2006</u>